452 F.Supp. 588 (1978)
Betty BATIS and Shirley Flockhart, Plaintiffs,
v.
GREAT AMERICAN FEDERAL SAVINGS AND LOAN ASSOCIATION, John A. Virostek, Joseph E. Bugel, John J. Dravecky, Daniel T. Kubasak, James E. Orris, Joseph A. Prokopovitsh and John G. Micenko, Defendants.
Civ. A. No. 76-1581.
United States District Court, W. D. Pennsylvania.
July 3, 1978.
*589 Stanley M. Stein, Feldstein, Grinberg, Stein & McKee, Pittsburgh, Pa., for plaintiffs.
Eugene K. Connors, Walter G. Bleil, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendants.

MEMORANDUM OPINION
COHILL, District Judge.
On December 17, 1976, plaintiffs Betty Batis and Shirley Flockhart filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 ("Title VII") and 28 U.S.C. § 1343, alleging that defendant Great American Federal Savings and Loan Association ("G.A.F.") and the individual defendants, officers and directors of G.A.F. violated Title VII by discriminating against plaintiffs in promotion opportunities and connected aspects of employment.
G.A.F. filed a motion to dismiss. We heard oral arguments and memoranda were filed by the parties.
In its motion to dismiss G.A.F. challenged plaintiffs' assertion of jurisdiction under 28 U.S.C. § 1343 and the demand for a jury trial. Plaintiffs withdrew their assertion of jurisdiction under 28 U.S.C. § 1343 at oral argument and conceded that *590 according to present law, they are not entitled to a jury trial. However, plaintiffs continue to assert their demand for a jury trial "in order to preserve the point." We will dismiss their demand for a jury trial; a cause of action under employment discrimination provisions of Title VII is equitable in nature and hence, there is no right to a jury trial. Dixon v. Universal Atlas Cement Division, 437 F.Supp. 1071 (W.D.Pa.1977).
G.A.F. in its motion to dismiss asserts that the individuals named in the complaint are not proper defendants to this suit because they were not named as respondents in the prior Equal Employment Opportunity Commission ("EEOC") proceedings. Plaintiffs maintain that where certain individuals bear a close relationship to a business entity, they need not be named individually in an EEOC charge as such individuals are either agents of the entity named in the charge or there is a substantial identity between the defendants.
Title VII provides, inter-alia, that a plaintiff may institute a civil action in federal court against only those employers which were respondents "named in the charge" filed with the EEOC. 42 U.S.C. § 2000e-5(f)(1). This jurisdictional prerequisite is important for two reasons. First, it notifies the charged party of the asserted violation. Secondly, it brings the charged party before the EEOC and permits effectuation of the act's primary goal, the securing of voluntary compliance with the law. Jackson v. University of Pittsburgh, 405 F.Supp. 607, 615 (W.D.Pa.1975); Bowe v. Colgate-Palmolive Co., 416 F.2d 711, 719 (7th Cir. 1969).
It is uncontroverted that the individual defendants were not named in plaintiffs' initial charge with the EEOC and whether these named individuals were in fact notified of the filing of plaintiffs' charge with the EEOC is not shown by plaintiffs. There is no evidence in the record that the individual defendants had the opportunity to meet with the EEOC representatives in any conciliatory conferences and no evidence that these defendants were named in the factual allegations in the charge. Therefore, a primary goal of the act has been frustrated by the omission of these persons in the charge and the inclusion of them in the complaint. See Scott v. University of Delaware, 385 F.Supp. 937 (D.Del.1974); Van Hoomissen v. Xerox Corporation, 368 F.Supp. 829 (N.D.Cal.1973).
While we recognize that liberality in construction should be favored, especially where a lay person files the charge, Sanchez v. Standard Brands, Inc., 431 F.2d 455, 461 (5th Cir. 1970), we hold to the belief that the minimum standards of statutory compliance are necessary to comport with the statutory emphasis on voluntary compliance in conciliation in § 2000e-5. Therefore, the complaint against the individual defendants will be dismissed.