Jerry FERRELL

v.

The Honorable George BUSBEE, Governor of the State of Georgia, et al.

Civ. A. No. C80–1751A.

United States District Court, N. D. Georgia, Atlanta Division.

Aug. 19, 1981.

---

O. Raymond Register, Atlanta, Ga., for plaintiff.

Arthur K. Bolton, Atty. Gen., Kirby G. Atkinson, Asst. Atty. Gen., Atlanta, Ga., for defendant.

## ORDER

NEWELL EDENFIELD, District Judge.

This action alleging employment discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e–17, and the Civil Rights Act of 1870, 42 U.S.C. § 1981, is before the court on plaintiff's motions to amend the complaint, Rule 15(a), Fed.R.Civ.P., plaintiff's motion to enlarge the discovery period, Rule 6(b), Fed.R. Civ.P., plaintiff's motion to certify a class, Rule 23(c), Fed.R.Civ.P., and defendants' motion to dismiss, Rule 12(b), Fed.R.Civ.P., or for summary judgment, Rule 56(b), Fed. R.Civ.P.

This action was previously before the court on these same motions. At that time plaintiff had not filed a timely response to defendants' motion to dismiss or for summary judgment. The court, taking notice of the fact that plaintiff had filed the above-listed motions subsequent to defendants' motion, did not consider defendants' motion to be unopposed as the court could have done under Rule 91.2, Local Court Rules. Rather, the court deferred consideration of all pending motions for twenty days to allow plaintiff a final opportunity to respond to defendants' motion. See Order of June 1, 1981. Plaintiff having finally responded, the court is now in a position to deal with the various motions before it.

The facts of the case, as set out in the June 1 order, are as follows:

Plaintiff was employed in 1975 by the Georgia Department of Offender Rehabilitation as a probation and parole supervisor (Parole Officer I). In 1977 he was transferred to the State Board of Pardons and Paroles in the same capacity. In January 1979, plaintiff was placed on a "working test" (apparently a form of provisional promotion) for Parole Officer II, the next higher level of probation and parole officer.

Plaintiff subsequently was suspended from his employment, with pay, in May 1979, as part of an investigation into certain alleged misconduct by him. On May 30, 1979, while plaintiff was under suspension, his supervisor informed him that he was being returned to his original level as a Parole Officer I.

Plaintiff's suspension was then terminated, but he was transferred on June 25, 1979 to Gainesville from the Atlanta office. His supervisor later informed him that his transfer was caused by the refusal of certain police departments to work with him.

On June 20, 1979, plaintiff filed a charge with the Georgia Office of Fair Employment Practices (GOFEP), complaining that his "demotion" and transfer to Gainesville were based upon racial discrimination and for the purpose of harassing him. GOFEP held a hearing on this charge in August 1979. Plaintiff subsequently sought in writing to withdraw his charge, stating that he learned at the fact-finding hearing that racism was not a factor in the actions he complained of. GOFEP approved his withdrawal of the charge on September 12, 1979.

Plaintiff worked in Gainesville from June 25, 1979 until about September 3 or 4, 1979. By a letter dated September 7, 1979, plaintiff resigned his employment effective September 15, 1979.

On January 18, 1980, plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), again alleging racial discrimination in his "demotion" and transfer. He also again filed a similar charge with GOFEP on February 8, 1980. Both EEOC and GOFEP subsequently issued determinations that found no reasonable cause to believe plaintiff's charges were true.

Plaintiff then filed the instant action, seeking relief for himself and for all other blacks who ever have applied for employment with, or have been employed by, the State Board of Pardons and Paroles, or who will apply or be employed in the future.

*The Section 1981 Claim*

In plaintiff's belated response to defendants' motion, he has made no attempt to answer defendants' arguments regarding his claim under 42 U.S.C. § 1981. The court, after giving plaintiff two chances to do so, must assume that defendants' motion to dismiss this claim is unopposed.[1] Rule 91.2, Local Court Rules. At any rate, the court finds that the section 1981 claim is barred by the eleventh amendment and the doctrine of sovereign immunity. *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) (per curiam); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Sessions v. Rusk State Hospital*, 648 F.2d 1066 (5th Cir. 1981).

Therefore, defendants' motion to dismiss the claim under section 1981 is GRANTED.

*The Title VII Claim*

■ Defendants assert four grounds in support of their motion—the employment practices complained of by the plaintiff were not racially motivated; the EEOC charge was not timely filed; the complaint in this action was not timely filed; and the only defendant named in plaintiff's EEOC charge was the Georgia Department of Pardons and Paroles, which defeats jurisdiction over the remaining defendants.

Taking the last ground first, the court hereby GRANTS defendants' motion to dis-

miss the Title VII claim against defendants Governor George Busbee, the State of Georgia and the State Merit System of Personnel Administration due to the fact these defendants were not named in plaintiff's EEOC charge. *Crawford v. Western Electric Co., Inc.*, 614 F.2d 1300, 1306 (5th Cir. 1980); *Batis v. Great American Federal Savings & Loan Ass'n*, 452 F.Supp. 588 (W.D.Pa.1978). "This court's jurisdiction extends only to those defendants named in plaintiff's EEOC complaint." *Coley v. M&M Mars, Inc.*, 461 F.Supp. 1073, 1075 (M.D.Ga.1978); *Batis, supra*, 452 F.Supp. at 590.

There are two important reasons for this jurisdictional prerequisite. First, the charged party is notified of the alleged violation. Also, "it brings the charged party before the EEOC and permits effectuation of the Act's primary goal, the securing of voluntary compliance with the law." *Batis, supra*, 452 F.Supp. at 590. The situation here is similar to that in *Batis*, and the result must be the same:

> It is uncontroverted that the ... defendants [listed above] were not named in plaintiff['s] initial charge with the EEOC [Complaint, Paragraph VII, page 6] and whether these [defendants] were in fact notified of the filing of plaintiff['s] charge with the EEOC is not shown by plaintiff[ ]. There is no evidence in the record that the ... defendants had the opportunity to meet with the EEOC representatives in any conciliatory conferences and no evidence that these defendants were named in the factual allegations in the charge. Therefore, a primary goal of the Act has been frustrated by the omission of these [defendants] in the charge and the inclusion of them in the complaint.

*Id.*

Plaintiff argues on this point that the "EEOC charge must be construed with utmost liberality since they [*sic*] are made by those unschooled of [*sic*] formal pleading." Brief at 3, *citing Sanchez v. Standard*

---

1. The court also notes that this claim is not mentioned in plaintiff's amended complaint which will be dealt with below. Apparently this claim has been abandoned.

*Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970). However, the *Batis* court also cited *Sanchez* on this point and still held "that the minimum standards of statutory compliance are necessary to comport with the statutory emphasis on voluntary compliance in conciliation in section 2000e–5. Therefore, the complaint against the [omitted] defendants will be dismissed." *Id.* This court agrees, and plaintiff's Title VII complaint against the omitted defendants is hereby DISMISSED.

Plaintiff in his belatedly filed response, failed to address the second ground in defendants' motion of untimely filing of the EEOC charge. The court would be fully justified in finding this part of defendants' motion to be unopposed under Local Rule 91.2. Plaintiff's total and utter disregard of the local rules of this court in this action has made the court's consideration of this action extremely difficult.

However, the court will proceed with a consideration of defendants' motion on this ground based on its own analysis and defendants' arguments, because of the seriousness of the consequences to plaintiff should the court grant defendants' motion, and the possibility of an almost inexcusable oversight by plaintiff's attorney.[2]

Forty-two U.S.C. § 2000e–5(e) requires that a charge under Title VII be filed with the EEOC within 180 days after the alleged unlawful practice occurs. "The timely filing of a complaint with the EEOC is a prerequisite to bringing a Title VII action in federal court." *Crawford v. Western Electric Co., supra*, 614 F.2d at 1306; *Johnson v. General Tire & Rubber Co.*, 652 F.2d 574 (5th Cir. 1981). Defendants assert that "the record clearly shows that the events which prompted the Plaintiff's EEOC charge were his demotion, effective June 1, 1979, and his transfer to Gainesville effective June 25, 1979," and that those events

occurred more than 180 days from January 18, 1980 when the EEOC charge was filed. Defendants' Brief (hereinafter "DB") at 14.

Plaintiff apparently believes that the 180-day statutory period began on the date of his resignation, September 7, 1979. Defendants contest plaintiff's claim that his resignation was actually a constructive discharge and claim plaintiff's characterization "is apparently an effort to avoid the jurisdictional requirement" of the 180-day filing period. DB at 13.

Plaintiff's complaint, paragraph VI D. at p. 5, states that plaintiff "has been subjected to continual harassment by the Defendants." The only example of such harassment which is put forth is the aforementioned transfer and demotion. If this is all plaintiff has to go on the court will dismiss the action on this ground.

The Fifth Circuit has held that the statutory period does "not begin to run . . . until the facts that would support a charge of discrimination under Title VII were apparent or should have been apparent to a person with reasonably prudent regard for his rights similarly situated to the Plaintiff." *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 931 (5th Cir. 1975); *Bickham v. Miller*, 584 F.2d 736 (5th Cir. 1978).

Plaintiff's potential action with respect to his demotion on June 1, 1979 obviously was "apparent" to him immediately as evidenced by his filing of a discrimination charge with the Georgia Office of Fair Employment Practices (GOFEP) on June 20, 1979. Therefore, with respect to the demotion and transfer, plaintiff clearly falls within the *Reeb* characterization of the beginning of the statutory period more than 180 days prior to his filing of the EEOC charge. Plaintiff also does not fall within any other exceptions to the strict enforcement of the 180-day limit set out in *Chap-*

---

**2.** Plaintiff's brief in opposition to defendants' motion contains arguments listed "I.A." and "I.C." with no intervening "I.B." The missing I.B. would correspond with the enumeration of the ground in question (the EEOC filing) listed in defendants' brief. The court recognizes the possibility that somehow plaintiff's attorney simply left out this portion of the brief. If this is the case the court would be unduly penalizing plaintiff for his attorney's unbelievable carelessness by deeming the motion to dismiss on this ground to be unopposed. Therefore, the court will deal with this ground by examining the record before it.

*pell v. Emco Machine Works Co.*, 601 F.2d 1295, 1302–03 (5th Cir. 1979).[3]

■ Furthermore, the fact that plaintiff filed his complaint with GOFEP did not toll the statutory period. "[O]ur decisions . . . have clearly held that timely filing *with the EEOC* is a jurisdictional prerequisite to Title VII relief." *Id.* at 1304 (emphasis in original).

For now, the court DENIES defendants' motion without prejudice on the ground of untimely filing with the EEOC. However, if plaintiff is unable to come forth with any other evidence of the "harassment" which he alleges resulted in his constructive discharge, the court will entertain a renewed motion to dismiss from defendant.

Defendants also assert that there is no factual basis for this suit due to the fact that plaintiff admitted in his letter of September 11, 1979 to GOFEP requesting that his charge be withdrawn that he had determined that racism was not a motivating factor in his demotion or transfer. DB at 11. In his letter, plaintiff stated:

Without knowing the issue, in good faith I filed a grievance with your agency invoking "Racism." Because of the Fact Finding Conference, I learned the issues involved and in good faith determined that "Racism" was not the primary element in the issues. It would be in bad faith for me to continue with my complaint while not feeling strongly about the main element in the issues.

Defendants' Exhibit 2, p. 2 (Letter from Jerry W. Ferrell to Paul Burkhalter, Compliance Officer, GOFEP).

■ Unquestionably, this casts serious doubts on the merits of plaintiff's claim. This is especially true if, as discussed above, plaintiff is unable to come forth with evidence of any alleged "harassment" other than his demotion and transfer which caused his alleged constructive discharge. However, "[a] complaint should never be dismissed unless it appears *beyond doubt*

that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Jacobs v. Board of Regents*, 473 F.Supp. 663, 665 (S.D.Fla.1979) (emphasis in original). This is especially true in Title VII cases where the court is required to be liberal rather than technical in pleading requirements. *See Smith v. Olin Chemical Corp.*, 535 F.2d 862 (5th Cir. 1976); *Sanchez v. Standard Brands, Inc.*, *supra*.

■ Therefore, the court DENIES defendants' motion to dismiss on this ground. If plaintiff is unable to come forth with further evidence of alleged harassment which resulted in his alleged constructive discharge, the court will entertain a renewed motion for summary judgment from defendant Board of Pardons and Paroles on this ground.

■ Finally, defendants assert that this action should be dismissed due to plaintiff's alleged failure to file this action within the required 90-day period after notice of the termination of the EEOC's proceedings. 42 U.S.C. § 2000e–5(f)(1). The right-to-sue letter issued by the EEOC is dated May 23, 1980. Plaintiff in his complaint alleges in paragraph 7 that he received this notice "on or about July 14, 1980." There is nothing in the record to explain the almost two-month delay between the issuance of the letter and its alleged date of receipt by plaintiff. It has been held that the 90-day period runs from the date of receipt and not from the date of mailing by the EEOC. *Archie v. Chicago Truck Drivers*, 585 F.2d 210 (7th Cir. 1978); *Plunkett v. Roadway Express, Inc.*, 504 F.2d 417 (10th Cir. 1974); *see also Franks v. Bowman Transportation Co.*, 495 F.2d 398 (5th Cir. 1974), *rev'd on other grounds*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976). As there is nothing to show that plaintiff did not receive the notice on or about July 14, defendants' motion to dismiss on this ground is DENIED. If at a later date it is revealed that plaintiff filed more than 90 days after he actually re-

---

**3.** Plaintiff did not file an action in an improper state forum prior to filing this claim with the EEOC, nor did the EEOC mislead him about the nature of his rights under Title VII prior to filing his claim.

ceived notice, defendants may renew their motion to dismiss.

*Plaintiff's motion to Amend the Complaint*

■ Plaintiff has actually filed two motions to amend his complaint. The first, accompanied by "Plaintiff's First Amended Complaint," was filed in this court on March 13, 1981. This motion was filed, as defendants pointed out in their brief in opposition to the motion, in violation of Local Rule 91.1, in that it was not accompanied by a memorandum of law citing supporting authorities or affidavits in support of the motion. Furthermore, this amended complaint only contained a charge under 42 U.S.C. § 1983. There was no mention of the Title VII or 42 U.S.C. § 1981 claims made in the original complaint. Defendants, in their response, asserted that plaintiff had abandoned those two claims because he had not included them in his amended complaint.

In what was obviously a response to these points raised by defendants, plaintiff filed another motion to amend and a second "Plaintiff's First Amended Complaint" in this court on March 31, 1981. This motion contained the requisite memorandum of law and affidavit, and the amended complaint also contained the Title VII allegation as well as the section 1983 charge. The section 1981 complaint was left out of the second amended complaint as well.

The first motion to amend is DENIED for failure to comply with Local Rule 91.1. *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979), *cert. den.*, 446 U.S. 939, 100 S.Ct. 2161, 64 L.Ed.2d 793 (1980).

■ As for the second attempt to amend the complaint,[4] the decision to grant or deny plaintiff's motion is within the discretion of this court. *Id.* "In deciding whether to grant leave to amend the district court must take into account several factors 'such as undue delay, bad faith or dilatory motive on the part of the movant,' . . . undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment." *Bamm, Inc. v. GAF Corp.*, 651 F.2d 389, 391 (5th Cir. 1981), *quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Plaintiff's only arguments in support of his motion are that "through inadvertence and mistake the Plaintiff failed to include all issues which should be made a part of this complaint," Affidavit in Support of Application for Leave to Amend, and that "no prejudice will accrue" to defendants if amendment is allowed. Plaintiff's Brief at 2.

Plaintiff completely ignored the objections raised by defendants in their brief in opposition to the original motion to amend. These objections are that plaintiff made no showing as to whether he was aware of the facts upon which the amendment is based at the time the original complaint was filed, *Layfield, supra*, that plaintiff has failed to demonstrate that this motion was not filed as a dilatory tactic, and that the amendment would be futile.

■ After careful consideration, the court DENIES plaintiff's motion to amend. Plaintiff had to know of the facts upon which the amendment was based at the time the complaint was filed. Plaintiff in his brief admits that the issues in the amendment are "interrelated" with those in the original complaint. Indeed, it is fairly obvious that plaintiff is simply attempting to substitute a section 1983 claim for a section 1981 claim after defendants' motion to dismiss pointed out the flaws in the section 1981 claim. The court will not be a party to such tactics. Plaintiff has not demonstrated that this motion to amend was not served as a dilatory tactic, and offered no explanation for his failure to move for leave to amend until after defendants filed their motion to dismiss and the matter appeared on the civil nonjury trial calendar, *see In re Beef Industry Antitrust*

---

4. The second amended complaint is exactly the same as the first amended complaint, with the exception that plaintiff corrected his omission of the Title VII claim which was pointed out to him by defendants' brief in opposition to the first amendment attempt.

*Litigation*, 600 F.2d 1148, 1162 (5th Cir. 1979), *cert. denied sub nom. Safeway Stores, Inc. v. Meat Price Investigators Ass'n*, 449 U.S. 905, 101 S.Ct. 280, 66 L.Ed.2d 137 (1980), other than his lame (and unexplained) claim of inadvertence and mistake. Under the circumstances exhibited here, that is not enough. Plaintiff cannot be continually allowed to change aspects of his cause of action after defendants correctly point out the defects and flaws in his case and filings in this court in support of their motions and defenses. There is a minimal level of diligence and competence that must be employed by parties to a lawsuit, and plaintiff has continually failed to do so here.

Furthermore, the court finds the amendment would be futile here. As defendants point out, plaintiff's amended complaint contains numerous elements of his class complaint which he cannot maintain. *See infra.* It is also questionable whether plaintiff has identified any right protected under the Constitution and laws of the United States which has been deprived him by defendants, as required by section 1983. Finally, plaintiff's action under the amended complaint would be barred by the eleventh amendment as to some of the named defendants. *See Burton v. Waller*, 502 F.2d 1261, 1273 (5th Cir. 1974), *cert. denied*, 420 U.S. 964, 95 S.Ct. 1356, 43 L.Ed.2d 442 (1975) (State's claim of immunity from suit bottomed on the eleventh amendment in a federal court in a section 1983 action is a good defense).

Many of these reasons point out that plaintiff's section 1983 claim would be perilously close to being subject to dismissal even if leave to amend were granted. Therefore, leave to amend need not be given. *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980).

Finally, there will be no "irreparable prejudice" to plaintiff if no leave to amend is granted. *Bamm, Inc., supra.* While the section 1983 claim as set out in the amended complaint might be "futile", nothing will prevent plaintiff from filing a properly pleaded cause of action under section 1983 at a later date if he so desires.

### Plaintiff's Motion for Class Certification

"A plaintiff who seeks to certify his suit as a class action under Federal Rule of Civil Procedure 23 must establish a number of specific prerequisites, and in each case the burden of proof is on the plaintiff who seeks to thus certify his suit." *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981); *Tolbert v. Western Electric Co.*, 56 F.R.D. 108 (N.D.Ga. 1972). Plaintiff here has failed to satisfy this burden.

Federal Rule of Civil Procedure 23(a) states the four prerequisites to a class action:

1. The class is so numerous that joinder of all members is impracticable;

2. There are questions of law or fact common to the class;

3. The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

4. The representative parties will fairly and adequately protect the interests of the class.

*All* of these prerequisites must be met before an action can be maintained as a class action. *Armour v. City of Anniston*, 597 F.2d 46, 49 (5th Cir. 1979); *Amswiss International Corp. v. Heublein, Inc.*, 69 F.R.D. 663, 665–66 (N.D.Ga.1975). One of these prerequisites—adequate representation of the putative class—is clearly missing. "Numerosity" and "typicality" are also probably lacking here.

Plaintiff's representation of *himself* in this action can barely be characterized as adequate. Under no characterization can it be stated that plaintiff would be an adequate class representative in this action.

About the only factor in plaintiff's favor here is that he is of the same race as the other members of the putative class. This is not enough. *See Crawford v. Western Electric Co., supra*, 614 F.2d at 1304. Defendants in their brief in opposition to this motion accurately list numerous grounds for successfully attacking plaintiff on this point. The court can add more.

"[P]laintiff's financial ability to 'vigorously prosecute the interests of the class through qualified counsel' is relevant to the adequacy of his purported representation of the class." *Elster v. Alexander*, 74 F.R.D. 503, 505 (N.D.Ga.1976). Plaintiff's deposition and answers to defendants' interrogatories raise a major question as to whether plaintiff is in a financial position to adequately protect the class. For example, plaintiff's total income is approximately four to five hundred dollars per month (Deposition at 77), and he has $60 in a savings account (Answer to Defendants' Interrogatory No. 9).

However, it is not plaintiff's financial status which does him in here. It is the unquestionable inability of plaintiff to "fairly and adequately protect the interests of the [putative] class" which the court finds decisive.

Adequacy of the proposed class representative's counsel is a major factor in determining adequacy of representation. *Blumenthal v. Great American Mortgage Investors*, 74 F.R.D. 508, 513 (N.D.Ga.1976). Plaintiff's counsel has submitted no affidavit evidencing his experience in Title VII litigation, although counsel did state in plaintiff's brief that he is "experienced in Title VII litigation and is thus generally qualified to conduct the proposed litigation", and that he would offer "testimony on her [*sic*] Title VII experience if so requested by the Court." No such testimony is necessary. The evidence established by the conduct and filings in this action of plaintiff and his attorney clearly shows they cannot adequately represent a putative class in this action.

As discussed above, plaintiff did not file a timely response to defendants' motion to dismiss this action. This could have resulted in the court finding said motion unopposed and the dismissal of this case. When plaintiff finally did file a response, it did not address one of defendants' asserted grounds for dismissal. Again the court could have found the motion to be unopposed on that ground and dismissed this action.

Plaintiff violated Local Rule 91.1 by failing to file a memorandum of law citing supporting authorities for two of his motions which are the subject of this order. It was only after defendants urged the court to deny these motions on the ground of failure to comply with this rule that plaintiff belatedly complied. Again the court could have rejected these motions out of hand due to plaintiff's disregard of the local rules.

Local Rule 221.13 states that plaintiff shall move for a determination under Rule 23(c)(1), Fed.R.Civ.P., as to whether the case is to be maintained as a class action within ninety days after the filing of a complaint in a class action, unless this period is extended on motion for good cause appearing. Plaintiff filed the complaint on October 8, 1980. The instant motion for class certification was filed on March 16, 1981—more than two months past the deadline in Rule 221.13. There has been no order allowing the Rule 221.13 period to be extended.

The Supreme Court in *East Texas Motor Freight System, Inc. v. Rodriguez* stated that "the named plaintiff's failure to protect the interests of class members by moving for certification surely bears strongly on the adequacy of the representation that those class members expect to receive." 431 U.S. 395, 405, 97 S.Ct. 1891, 1897, 52 L.Ed.2d 453 (1977). The Fifth Circuit recently stated that neither *Rodriquez* "nor any other precedent that we have found has held delay in moving for certification is sufficient *in itself* to disqualify a party as a class representative. *The case would be different if the plaintiffs' motion had been untimely under an applicable local rule . . . .*" *Phillips v. Joint Legislative Committee*, 637 F.2d 1014, 1023 (5th Cir. 1981) (emphasis supplied). Here, not only has plaintiff filed an untimely motion under the applicable local rule, but there is ample other evidence of plaintiff's inadequacy as a class representative.

As defendants point out plaintiff failed to comply with a number of the provisions of Local Rule 221.1 regarding proper drafting

of the class action complaint. The legend "Complaint-Class Action" is not next to the caption of the complaint. Local Rule 221.-11. There is no statement under a separate heading styled "Class Action Allegations." Local Rule 221.12. There are no allegations stated in the complaint pertaining to the size of the class or to the basis upon which the plaintiff claims to be an adequate representative of the class. Local Rules 221.122, 221.1222, 221.12221.

Plaintiff failed to timely file his motion to extend the time for discovery. Local Rule 181.11.

Plaintiff filed two motions to amend his complaint that this court denied above. The first attempted amendment contained a complaint which did not refer to or adopt any portion of the original complaint. When defendants' brief in opposition argued that this amended complaint superseded the original complaint, 3 *Moore's Federal Practice* ¶ 15.08(7), and that claims relating to Title VII and 42 U.S.C. § 1981 in the original complaint had, therefore, been waived, plaintiff filed a second amended complaint (also entitled "First Amended Complaint") which encompassed the Title VII claim.

Plaintiff admitted in his affidavit in support of his application for leave to amend, that "through inadvertence and mistake the Plaintiff failed to include all issues which should be made a part of this complaint." Actually it appears plaintiff tried to substitute a section 1983 claim for a section 1981 claim after defendants' motion to dismiss pointed out the flaws in the section 1981 claim. At any rate, the "inadvertence and mistake" exhibited by plaintiff here is by no means limited to his failure to include the section 1983 claim in the original complaint.

These facts clearly show plaintiff is totally unqualified to represent the putative class. This alone is enough to deny plaintiff's motion, and the court does hereby DENY same.

The court points out, however, two other factors which cast doubt on the maintainability of a class action here. First of all, plaintiff's admission to GOFEP that "racism" was not a primary issue in his demotion and transfer makes it a substantial possibility that plaintiff himself is not a member of the putative class, which he must be. *Bailey v. Patterson*, 369 U.S. 31, 32–33, 82 S.Ct. 549, 550, 7 L.Ed.2d 512 (1962) (per curiam). Thus "typicality" is suspect here, as is the question of whether plaintiff has a sufficient nexus with the class to serve as its representative. *See, e. g., Machella v. Cardenas*, 653 F.2d 923 (5th Cir. 1981).

Also, the existence of sufficient "numerosity" is questionable here. Plaintiff in his brief asserts that he "has been able to identify 37 present and former black employees of the Defendant who *Plaintiff* contends have been subjected to employment discrimination by the Defendant . . . ." Brief at 7 (emphasis supplied). Even if all of these people do exist (and the court only has plaintiff's speculation that they do), it is by no means certain that this number satisfies the numerosity requirement. *See Crawford, supra*, 614 F.2d at 1305 ("We certainly cannot say that a class of 34 satisfies the numerosity requirement as a matter of law").

Furthermore, the testimony elicited from defendant at his deposition makes it appear even more unlikely that sufficient numerosity exists. For example, plaintiff was able to name only four persons whom he knew or speculated to be qualified for clerical or Parole Officer I positions who were denied positions, and he was unable to identify any black presently working at defendant Board of Pardons and Paroles who had applied for and been denied positions. Deposition of Jerry Ferrell, January 30, 1981, pp. 83–86.

*Plaintiff's Motion to Extend Time of Discovery*

As stated above, this motion was not timely filed under Local Rule 181.11. Discovery must be completed within four months after filing of defendants' answer. The answer was filed on November 14, 1980. The instant motion was filed on March 16, 1980.

Furthermore, the court has dismissed most of plaintiff's claims in this action and denied plaintiff's motion for class certification. Therefore the court finds no reason to extend discovery here.

For these reasons plaintiff's motion to extend time for discovery is DENIED.

*Summary*

In sum:

1. Defendants' motion to dismiss the claim under 42 U.S.C. § 1981 is GRANTED as to all defendants;

2. Defendants' motion to dismiss the Title VII claim is GRANTED as to all defendants except the State Board of Pardons and Paroles. Defendants' motion to dismiss the Title VII claim as to defendant State Board of Pardons and Paroles is DENIED; defendants' motion in the alternative for summary judgment is also DENIED;

3. Plaintiff's motions to amend the complaint are DENIED;

4. Plaintiff's motion for class certification is DENIED; and

5. Plaintiff's motion to extend time for discovery is DENIED.