**Brian H. ARTHUR, Plaintiff,**

v.

**FLORIDA DEPARTMENT OF TRANS-
PORTATION and Highlands
County, Defendants.**

**No. 84–8083–CIV–JAG.**

United States District Court,
S.D. Florida, N.D.

July 2, 1984.

Peter Martin, Sarasota, Fla., for plaintiff.

Linda Miklowitz, Tallahassee, Fla., for Fla. Dept. Transp., Bert Harris III, Lake Placid, Fla., David Cooney, Ft. Lauderdale, Fla., for Highlands County.

GONZALEZ, District Judge.

Plaintiff Brian Arthur, a citizen of the State of Ohio, sustained injuries after his automobile was hit by an oncoming car that had left the paved highway "due to the negligent construction and maintenance of that roadway." Mr. Arthur brought this suit against the Florida Department of

Transportation ("DOT") and Highlands County for their alleged negligence. The DOT now moves to dismiss plaintiff's complaint (docket # 5). The court has considered the motion, and being otherwise duly advised, it is ORDERED AND ADJUDGED that the motion to dismiss be GRANTED as to the Florida Department of Transportation for the reasons set forth below.

The eleventh amendment to the United States Constitution provides that

[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI.

■ According to a well-defined body of law, the amendment stands for the proposition that an unconsenting state is immune from suits brought in *federal* court by citizens of other states. *See, e.g., Pennhurst State School & Hospital v. Halderman,* —— U.S. ——, ——, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984); *Ford Motor Co. v. Department of Treasury of State of Indiana,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945). This limitation on federal jurisdiction derives from the fundamental principle of sovereign immunity. *Ex parte*

*State of New York No. 1,* 256 U.S. 490, 497, 41 S.Ct. 588, 589, 65 L.Ed. 1057 (1921). The jurisdiction-limiting function of the eleventh amendment would appear to apply where, as here, a citizen of the State of Ohio has sued an authorized department of the State of Florida.

A sovereign's immunity may be waived provided she has *unequivocally* expressed a willingness to be sued. *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974) ("we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction").

■ In this case, plaintiff sues the DOT for injuries indirectly caused by the Department's alleged negligence in designing, constructing, and maintaining the shoulder of a state road. The DOT seeks the dismissal of plaintiff's suit because the state has not expressly consented to be sued. Although section 768.28, Fla.Stat.,* waives the sovereign immunity of the State or any of its "agencies or subdivisions" for tort suits in an "appropriate forum," no specific mention is made, as required by law, of tort suits in *federal* court.

■ Even if the state has not expressly consented to suit in federal court, this court still might have jurisdiction if the

---

* Florida statute § 768.28 provides in pertinent part:

(1) In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act. Actions at law against the state or any of its agencies or subdivisions to recover damages in tort for money damages against the state or its agencies or subdivisions for injury or loss of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the agency or subdivision while acting within the scope of his office or employment under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of this state, may be prosecuted subject to the limitations specified in this act. Any such action may be brought in the county where the property in litigation is located or, if the affected

agency or subdivision has an office in such county for the transaction of its customary business, where the cause of action accrued.

(2) As used in this act, "state agencies or subdivisions" include the executive departments, the Legislature, the judicial branch, and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities.

. . . .

(11) Every claim against the state or one of its agencies or subdivisions for damages for a negligent or wrongful act or omission pursuant to this section shall be forever barred unless the civil action is commenced by filing a complaint in the court of appropriate jurisdiction within 4 years after such claim accrues; except that with respect to any action for contribution, the action must be commenced within the limitations provided in s. 768.31(4).

DOT is not a political subdivision of the state. "[T]he nature of a suit as one against the state is to be determined by the essential nature and effect of the proceeding." *Ford Motor Co.*, 323 U.S. at 464, 65 S.Ct. at 350. In this case, plaintiff submits that the Department is an independent juridical entity because it has the capacity to sue and be sued. But in *Florida Department of Health v. Florida Nursing Association*, 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1980), the Supreme Court expressly rejected this reasoning. *Id.* at 149–50, 101 S.Ct. at 1033–34. Plaintiff also argues that the DOT is susceptible to suit in this court because *other* federal courts have held *other* departments of *other* states susceptible to suit in a diversity action. *See, e.g., C.H. Leavell & Co. v. Board of Commissioners*, 424 F.2d 764 (5th Cir.1970). The connection between those other decisions and the instant case is tenuous, at best. All of the cases cited by plaintiff define what constitutes a citizen for purposes of diversity, and do not address whether the state has expressly consented to suit in federal court. Furthermore, these other cases do not interpret section 768.28, Fla.Stat. (West Supp.1984), which is at issue in this case. None of these other cases analyze the Florida Department of Transportation, which is the political subdivision examined herein. Finally, plaintiff's suit can reasonably be construed as against the sovereign because "the judgment would expend itself on the public treasury or domain, or interfere with the public administration," or possibly "restrain the [state] from acting, or to compel it to act." *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963).

