**Catherine COOK, Plaintiff,**

v.

**The STATE OF FLORIDA and Linda Noble, Defendants.**

**No. 84–8599–CIV.**

United States District Court,
S.D. Florida, N.D.

April 24, 1985.

Sue Keen, West Palm Beach, Fla., for plaintiff.

## ORDER OF DISMISSAL

GONZALEZ, District Judge.

THIS CAUSE has come before the court for review *sua sponte*. Plaintiff's complaint, filed on November 27, 1984, charges the State of Florida and one of its employees, Linda Noble, with falsely arresting and erroneously charging defendant with violating her probation in violation of 42 U.S.C. § 1983.

■■■ Although unstated in plaintiff's complaint, her action really is brought against the State of Florida Department of Corrections; Ms. Noble is alleged to be a probation officer employed by that Department. *See* Appendix A, Complaint, attached. Plaintiff maintains that as a result of her arrest, she lost pay, had to pay court fines and costs, and suffered humiliation, mental anguish and physical stress and, therefore, seeks damages from the State and its employee.

The Eleventh Amendment to the United States Constitution provides that

[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const.amend. XI.

The law is well-settled that the Eleventh Amendment stands for the proposition that an unconsenting state is immune from suits brought in federal court by citizens of other states. *See, e.g., Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984); *Ford Motor Co. v. Department of Treasury of State of Indiana,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945). This limitation on federal jurisdiction derives from the fundamental principle of sovereign immunity. *Ex parte State of New York No. 1,* 256 U.S. 490, 497, 41 S.Ct. 588, 589, 65 L.Ed. 1057 (1921).

Equally clear is the fact that the Eleventh Amendment bars suits against States or their officers for money damages when the awards will have to be paid out of the States' treasury. *See Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Shashoua v. Quern,* 612 F.2d 282 (7th Cir.1979); *Arthur v. Florida Department of Transportation,* 587 F.Supp. 974, 976 (S.D.Fla.1984) (quoting *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963)) (Gonzalez, J.).

Courts have applied the aforesaid policy to bar § 1983 suits in federal courts against States and their officers. *See, e.g., Burton v. Waller,* 502 F.2d 1261, 1273 (5th Cir.1974), *cert. denied,* 420 U.S. 964, 95 S.Ct. 1356, 43 L.Ed.2d 442 (1975); *Ferrell v. Busbee,* 91 F.R.D. 225, 232 (N.D.Ga. 1981); C. Antieau, *Federal Civil Rights*

*Acts* § 213 at 356 & n. 32 (2nd ed. 1980 & Supp.1984).

In this case plaintiff seeks money damages from the State of Florida and one of its officers for actions that are not alleged to be beyond the scope of their duties. Moreover, any damages plaintiff might recover would have to be paid out of the State Treasury. In accordance then with the well-developed law of the Eleventh Amendment and § 1983 suits, it is

ORDERED AND ADJUDGED that this case be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## APPENDIX A

### COMPLAINT

Plaintiff, CATHERINE COOK, by and through her undersigned attorney, sues the Defendants above and states:

1. This is an action brought pursuant to 42 U.S.C. Section 1983.

2. Plaintiff is a resident of Palm Beach County, Florida, and at all times relevant to the wrongful acts of Defendants, was serving a term of two years probation on a criminal drug offense.

3. The Defendant, STATE OF FLORIDA, hereinafter referred to as STATE, operated a parole and probation office in Palm Beach County, Florida through its Department of Corrections where Plaintiff reported to her probation officer while serving her two year term of probation.

4. Defendant, LINDA NOBLE, hereinafter referred to as NOBLE, was a probation officer employed by the State of Florida Department of Corrections during all times relevant to the wrongful acts described herein; whereby, said Defendant acted under color of law in the commission of those acts.

5. On or about November 21, 1984, Plaintiff was arrested and incarcerated in the Palm Beach County Jail for a period of five days based upon an affidavit of violation of probation filed by Defendants against Plaintiff which was patently erroneous as to the charge contained therein.

6. As a result of the false affidavit, Plaintiff's constitutional right against deprivation of liberty and property without due process of law was violated.

7. The acts of Defendants in erroneously charging Plaintiff with a violation of her probation and causing her to be incarcerated were performed willfully, recklessly, and/or negligently in that the Defendants knew or should have known that the Plaintiff had performed all acts which she was falsely charged as not having performed under the affidavit; namely, that Plaintiff had made a timely payment of her last monthly probation check, such that she would not have been charged with a violation of her probation for that reason.

8. As a proximate result of said wrongful and unconstitutional acts of the Defendants, Plaintiff incurred damages including [but] not limited to lost pay from her work, court fines and costs and the suffering of humiliation, mental anguish, and physical stress during and after the incarceration.

9. The Plaintiff has been required to retain the services of the undersigned attorney to prosecute this action and is obligated to pay a reasonable attorney's fee therefor.

WHEREFORE, Plaintiff demands judgment for actual and punitive damages as the law shall allow against the Defendants. Plaintiff demands trial by Jury. Plaintiff demands judgment for attorney's fees.

/s/ Sue Keen
SUE KEEN, ESQ.
315 Third Street—Suite 201
West Palm Beach, FL 33401
655–8009