Andrew J. EASTER, Appellant,

v.

KASS–BERGER, Inc., Appellee.

No. 1755.

Municipal Court of Appeals for the
District of Columbia.

Argued Feb. 27, 1956.

Decided April 3, 1956.

vertisement for draftsmen. At the time he was employed in Harrisburg, Pennsylvania. There was an exchange of correspondence wherein defendant described the general nature and extent of its work, stating, " * * * we should be rather busy for the next two years at least," and plaintiff stated his qualifications and requested an interview. Plaintiff was then offered employment in a letter containing the following language: "If after our interview * * * you are still interested in joining our firm, I should like to have you come with us on the basis we discussed."

Plaintiff came to Washington and began work on January 24, 1955. On March 4, 1955, he was discharged. Plaintiff's claim was for salary covering the period from his discharge to May 9, 1955, just prior to the filing of this suit. He testified his release was without justification. Officials of defendant company testified that he was discharged because he worked too slowly.

At the outset we must note that the record before us is incomplete. Counsel's direct examination of plaintiff is not contained in the stenographic transcript and plaintiff took no steps to cure this omission with a narrative statement of evidence. Unfortunately this prevents a satisfactory review of the case and limits the scope of our inquiry.[2]

B. Austin Newton, Jr., Washington, D. C., for appellant.

Henry H. Brylawski, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Andrew Easter brought this action for salary under a two-year contract of employment which he claimed he had with defendant corporation. The trial judge ruled plaintiff's contract was at the most an oral agreement for two years, unenforceable under the statute of frauds[1] and directed a verdict for defendant. Plaintiff has appealed.

The facts appear to have been as follows. Negotiations were first entered into when Easter answered defendant's newspaper ad-

 Plaintiff seeks to place the responsibility for this omission on the trial judge. He says the trial judge improperly compelled him to go to trial without an official court reporter to record the proceedings. Municipal Court Rule 82(b) leaves this matter, with certain qualifications and limitations, to the determination of the trial judge, and one of the things he is allowed to consider is the availability of an official reporter. (The Municipal Court is handicapped by the fact that only four court reporters have been provided to serve in a thirteen-judge court.) Plaintiff makes no

1. Code 1951, § 12-302, which provides that, "No action shall be brought * * upon any agreement that is not to be performed within the space of one year

* * * ", unless in writing or evidenced by memorandum or note.

2. Logan v. Oliver, D.C.Mun.App., 96 A.2d 516; Wilkins v. Woodruff, D.C.Mun.App., 74 A.2d 59.

charge that the trial judge refused to check on the availability of a reporter [3] but only that it was error to proceed though none were available. We think no abuse of discretion has been shown. Moreover it must be mentioned that plaintiff was free to hire a private reporter or, if that was impractical, to prepare a narrative statement of proceedings and evidence covering the testimony omitted from the stenographic transcript. Indeed that was his primary responsbility as part of his burden of establishing error.[4]

■ Plaintiff's principal contention is that the court erred in ruling that he failed to establish the contract alleged in his complaint, and that the contract was unenforceable under the statute of frauds. Since this ruling resulted in a directed verdict, we have reviewed the available evidence together with the legitimate inferences therefrom in the light most favorable to plaintiff.[5] Even from that approach we think it cannot be said that plaintiff proved an oral contract for two years' employment. In his own words he admitted that defendant's agent did no more than tell him that, "[w]e have at least two years—two and a half years of work here." We think reasonable men could not differ as to what those words meant, and would have to agree that it was not an offer to employ plaintiff for a two-year period.

Nor is there any showing elsewhere in the record that the parties ever agreed that the employment would be for a minimum of two years. While the parties might have talked about such a period or indicated that the company's pending projects should last at least that long, there was no evidence that any definite contractual term was agreed upon.

■■ But even if it could be assumed that the oral testimony established an agreement for two years' employment, it was clearly unenforceable under our Code, 12–302. We agree with the trial judge that the exhibits relied upon by plaintiff were insufficient in law to remove the agreement from the operation of the statute of frauds. It is well established that such memoranda must state all the promises of the parties with sufficient clarity and definiteness as to render the essential terms of the agreement clear without resort to parol testimony.[6] And where the evidence is clear and unconflicting, the legal sufficiency of the memorandum is a question for the court and not the jury.[7]

■ The term of an employment contract has been expressly held to be an essential element of the memorandum.[8] Standing by itself the correspondence here contains no statement of any promised duration of employment. The only reference to term here is in defendant's letter of December 3, 1954, which stated that, " * * * we should be rather busy for the next two years at least." We think it must be held that a letter offering employment with nothing more than a hopeful expression like this is not a sufficient memo-

3. See Premier Poultry Co. v. Wm. Bornstein & Son, D.C.Mun.App., 61 A.2d 632.

4. Raimonde v. Purcell, D.C.Mun.App., 95 A.2d 590; Slater v. Cannon, D.C.Mun.App., 93 A.2d 92; District Hauling & Construction Co. v. Argerakis, D.C.Mun.App., 34 A.2d 31.

5. Talbott v. Yellow Cab Co., Inc., D.C.Mun.App., 121 A.2d 262.

6. Williams v. Morris, 95 U.S. 444, 24 L.Ed. 360; Jacobsen v. Sweeney, 92 U.S.App.D.C. 93, 202 F.2d 461; Ochs v. Weil, 79 U.S.App.D.C. 84, 142 F.2d 758; Fitzgan v. Burke, D.C.Mun.App., 61 A.2d 721; Restatement, Contracts, § 207, p. 278.

7. Elizabethtown Lincoln-Mercury, Inc., v. Tucker, Ky., 240 S.W.2d 847; Commercial Credit Corporation v. Marden, 155 Or. 29, 62 P.2d 573, 112 A.L.R. 931; Burnett v. Mar-Tex Realization Corp., Tex.Civ.App., 250 S.W.2d 612. Cf. Kleman v. Anheuser-Busch Brewing Ass'n, 3 Cir., 237 F. 993; Thomas B. Whitted & Co. v. Fairfield Cotton Mills, 4 Cir., 210 F. 725. Contra, see Noble v. Mc-Kinley, Sup., 72 N.Y.S.2d 510.

8. Marston v. Downing Co., 5 Cir., 73 F.2d 94.

randum of an oral contract to satisfy the statute of frauds.[9]

Plaintiff also contends that his part performance for approximately six weeks was sufficient to take the agreement from within the operation of the statute and that his coming to Washington from Harrisburg estopped defendant from raising the statute as a defense. As a general rule, nothing short of full performance will take a contract not to be performed within one year from within the statute.[10]

We think plaintiff has shown no basis for claiming estoppel. That doctrine is invoked to prevent the statute from becoming an instrument of fraud. But in the absence of other and stronger circumstances, a mere refusal to perform an oral agreement is not such fraud as to prevent the application of the statute, despite hardship to a plaintiff.[11]

In his final contention plaintiff claims defendant waived its right to rely on the statute when it failed to object to plaintiff's oral testimony as to conversations concerning the employment. But defendant from the outset denied the contract alleged and made it clear that it was relying on the statute. This was clearly understood by plaintiff and the court at various stages of the trial. And while plaintiff's testimony was inadmissible to supplement the writings, it was admissible as attempting to show an oral agreement between the parties.[12] Defendant cannot be said to have waived his defense by not objecting to evidence which was admissible.

Affirmed.

9. Jackman v. Anheuser-Busch, Inc., Tex. Civ.App., 162 S.W.2d 744.

10. Hull v. Brandywine Fibre Products Co., D.C.D.Del., 121 F.Supp. 108; Montgomery Ward & Co. v. Guignet, 112 Ind. App. 661, 45 N.E.2d 337; Chevalier v. Lane's, Inc., 147 Tex. 106, 213 S.W.2d 530, 6 A.L.R.2d 1045, Note, p. 1053. See also, 49 Am.Jur., § 497, p. 798, and cases cited.

11. Marston v. Downing Co., supra; 2 Williston on Contracts, Rev. ed., § 533A, p. 1543, and cases cited.

12. Marston v. Downing Co., supra; Stanley v. A. Levy & J. Zentner Co., 60 Nev. 432, 112 P.2d 1047, 158 A.L.R. 76.