**Joe Louis PLUNKETT, Plaintiff-Appellant,**

v.

**ROADWAY EXPRESS, INC., a corporation, Defendant-Appellee.**

No. 74–1048.

United States Court of Appeals, Tenth Circuit.

Oct. 3, 1974.

James A. Ikard, Oklahoma City, Okl., on the brief for plaintiff-appellant.

Peter B. Bradford, McAfee, Taft, Mark, Bond, Rucks & Woodruff, Oklahoma City, Okl., on the brief for defendant-appellee.

William A. Carey, Joseph T. Eddins, Jr., Beatrice Rosenberg, Charles L. Reischel, Elsa Dik Glass, Washington, D. C., on the brief for United States Equal Employment Opportunity Commission as amicus curiae.

Before LEWIS, Chief Judge, and SETH and McWILLIAMS, Circuit Judges.

LEWIS, Chief Judge.

Joe Louis Plunkett appeals from an order of the United States District Court for the Western District of Oklahoma dismissing his action against Roadway Express, Inc., brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plunkett initially filed charges of employment discrimination against Roadway with the Equal Employment Opportunity Commission in 1972. At Plunkett's request and in accordance with Commission regulations, 29 C.F.R. § 1601.25, the Commission on July 31, 1973, mailed him notice of his right to sue Roadway in federal district court. Plunkett received the notice by certified mail on August 3, 1973. He instituted this action on October 31, 1973, 92 days after the Commission sent notice and 89 days after he received it. The district court dismissed on the ground that the 90-day period in which a party must file suit under section 706(f) of Title VII, 42 U.S.C. § 2000e–5(f)(1), runs from the date on which the Commission mails notice of the right to sue and that Plunkett's action was not therefore timely filed.[1] We reverse.

1. The district court dismissed on the additional ground that Plunkett's action was barred by the Commission's failure to find reasonable cause to believe that a violation

Section 706(f)(1), as amended in 1972, provides:

> If . . . the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and *within ninety days after the giving of such notice a civil action may be brought* against the respondent named in the charge . . . . (Emphasis added.).

Prior to the 1972 amendments of Title VII, section 706 provided:

> If . . . the Commission has been unable to obtain voluntary compliance with this title, *the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought* against the respondent named in the charge . . . . 78 Stat. 259 (1964) (Emphasis added).

The Supreme Court twice construed the unamended statute to require the thirty-day period to begin to run from the date on which the Commission's notice is received. Alexander v. Gardner-Denver Co., 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L. Ed.2d 147; McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668. *See also* Archuleta v. Duffy's Inc., 10 Cir., 471 F.2d 33. The court below held that the 1972 amendment, besides lengthening to 90 days the period within which aggrieved persons may sue, also changed the date on which the period begins to the date of the Commission's mailing of notice.

The language of the 1972 amendment, however, in no way suggests or compels

the conclusion that Congress intended to alter the time of commencement of the complaint-filing period as the Court construed it in *Alexander* and *McDonnell Douglas*. The language of the present statute to the effect that the period begins "after the giving of . . . notice" does not clearly evidence Congress' intent to alter the effect of the superseded language of section 706; in this respect, notification and the giving of notice appear to be synonymous terms. The sole pertinent reference in the legislative history of the 1972 amendments confirms our conclusion.[2] Moreover, we believe that measurement of the period from the date of the aggrieved person's receipt of notice serves the policy underlying the notice requirement better than measurement of the period from the Commission's mailing of notice.

> [T]he purpose of statutory notification, which is "to provide a formal notification to the claimant that his administrative remedies with the Commission have been exhausted" . . . and to inform him that the . . . period has begun to run, has not been accomplished unless the claimant is actually aware of the suit letter. Franks v. Bowman Transportation Co., 5 Cir., 495 F.2d 398, 404, quoting Beverly v. Loan Star Lead Construction Corp., 5 Cir., 437 F.2d 1136.

Plunkett was unaware of the Commission's suit letter until he received it; he cannot be said to have impermissibly slept on his rights so long as he filed, as he did, within 90 days of his receipt of

of Title VII occurred. In this appeal Roadway concedes that the Commission's finding of reasonable cause is not a jurisdictional prerequisite to suit brought under Title VII. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668.

2. The only reference to the date of commencement of the period for filing complaints appears in the section-by-section analysis accompanying the conference report on H.R. 1746: "[T]he person aggrieved may bring an action in an appropriate district

court *within 90 days after receiving notification.*" (Emphasis added.) Senate Committee on Labor & Public Welfare, Legislative History of the Equal Employment Opportunity Act of 1972 (H.R. 1746, P.L. 92–261), 92d Cong., 2d Sess., at 1847 (1972). The same analysis noted: "In any area where the new law does not address itself, or in any area where a specific contrary intention is not indicated, it was assumed that the present case law as developed by the courts would continue to govern the applicability and construction of Title VII." Id. at 1844.

the letter. *See* Franks v. Bowman Transportation Co., *supra*, 495 F.2d at 404. A contrary result would unnecessarily penalize private litigants for mistakes in delivery and other delays in the mail. We therefore hold that the period for filing private suits under section 706 of Title VII runs from the aggrieved person's receipt of the Commission's letter of notice.

Reversed and remanded.