**Nathan LANDOW, Appellant,**

v.

**GEORGETOWN–INLAND WEST CORPORATION, Appellee.**

No. 80–1313.

District of Columbia Court of Appeals.

Argued Nov. 18, 1981.

Decided Dec. 8, 1982.

Saul M. Schwartzbach, Washington, D.C., for appellant.

Kathleen A. Morse, Washington, D.C., with whom George R. Kucik, Washington, D.C., was on the brief, for appellee.

Before KELLY, NEBEKER and BELSON, Associate Judges.

NEBEKER, Associate Judge:

Appellant/buyer brought suit against appellee/seller seeking to enforce an alleged oral modification of a contract for the sale of land. Appellant charged that appellee failed to comply with the oral agreement between the parties which provided that the date for settlement on the written contract would be held open indefinitely while appellant attempted to secure certain permits from the District of Columbia government. The trial court granted summary judgment for appellee holding that the oral modification was unenforceable because it was in violation of the Statute of Frauds.[1] We affirm.

## I

On July 10, 1978, a written contract to purchase real property located in the District of Columbia was entered into between Nathan Landow, buyer, and Georgetown-Inland West Corporation, seller. The stated purchase price for the land was $2,600,000. Settlement was to be on December 15, 1978. The contract stipulated that time was to be "of the essence." Under the terms of the original contract, settlement was not made contingent upon appellant's obtaining additional permits from the District of Columbia government. Pursuant to the contract, Landow posted a $100,000 deposit. This deposit represented liquidated damages should he fail to make settlement.

On December 12, 1978, the parties executed the first written "extension agreement" which deferred the settlement date to June 15, 1979, in exchange for an additional $80,000. This extension agreement did not modify any other terms in the written contract. On June 15, 1979, the parties executed a second extension agreement which increased the purchase price by an additional $150,000 in exchange for a further extension of the closing date to October 15, 1979. Appellant failed to tender payment to automatically extend the settlement date to October 15, 1979. Instead, beginning on June 28, 1979, the parties amended the second extension agreement by four separate letters, substituting new settlement dates. The last letter extended the settlement date to October 16, 1979. Settlement, however, was not reached at this time.

In a letter on January 14, 1980, the seller notified the buyer that the original contract would not be given effect unless final settlement was made within seven days. No settlement was reached. On February 1, 1980, the buyer filed his complaint for "Declaratory Judgment, Specific Performance and other Relief." By that complaint, he sought: (1) to have the court declare "the rights, status and other legal and equitable relations between" the plaintiff and defendant arising out of (a) a written contract for the sale of real property dated July 10, 1978, (b) a contemporaneous oral understanding or agreement, (c) certain written amendments to the aforesaid written contract, and (d) a subsequent oral agreement;[2] and (2) to order the seller, in the event the buyer were ultimately to receive the permits applied for, to convey the real property upon payment of the purchase price set forth in the written contract, as amended by the written agreements.

The seller admitted generally the material allegations of the complaint, but defended on the grounds that: (1) no oral agreements had been entered into between the parties; (2) buyer, by having failed to proceed to settlement on the October 16, 1979

1. D.C.Code 1981, § 28–3502 reads in pertinent part:

 An action may not be brought . . . upon a contract or sale of real estate, of any interest in or concerning it . . . unless the agreement upon which the action is brought, or a memorandum or note thereof, is in writing . . . *signed by the party to be charged therewith* or a person authorized by him.

2. For the purpose of deciding the summary judgment motion, the parties stipulated that the contested oral agreement was as follows: "[S]o long as plaintiff proceeded in an orderly manner to take all appropriate action necessary and requisite to obtain approval of his [plaintiff's] application for permits, the closing date set forth in the [written] agreements would be extended from time to time concurrently therewith."

closing date, waived any rights that might have accrued to him; (3) the alleged oral agreement violated the Statute of Frauds and the Parol Evidence Rule; and (4) buyer with respect to its prayer for specific performance had failed to perform his obligations under the written contract.

By stipulation, the matter came on for hearing on September 23, 1980. Following oral argument, the trial court granted summary judgment in favor of the seller holding that the alleged oral agreement was "a substantial modification of the written contract and cannot be enforced by virtue of our Statute of Frauds."

## II

■ "Summary judgment is ... appropriate only where there are no material facts in issue and when it is clear that the moving party is entitled to judgment as a matter of law." *Ellis v. Safeway Stores, Inc.*, D.C.App., 410 A.2d 1381, 1382 (1979); *Willis v. Cheek*, D.C.App., 387 A.2d 716, 719 (1978). The moving party must first establish that there is no genuine issue of material fact. *Reichman v. Franklin Simon Corp.*, D.C.App., 392 A.2d 9, 14 (1978); *Willis v. Cheek, supra* at 719. Once this showing has been made, the burden shifts to the non-moving party to show the existence of an issue of material fact. *Reichman v. Franklin Simon Corp., supra* at 14; *Willis v. Cheek, supra* at 719.

Upon review of the record, we hold that the trial judge did not err in determining that the seller carried its initial burden of showing the absence of material facts in dispute, and that the buyer failed to refute that showing. The record is clear as to the material facts involving the sales contract and subsequent oral agreements, and it fully supports the summary judgment in favor

of appellee as a matter of law. *See* Super. Ct.Civ.R. 56(c).

## III

The gist of the buyer's argument is that so long as he was making a good faith effort to obtain building permits, the settlement date in the original written contract, even though containing a "time is of the essence" clause, would be orally extended from time to time. We find that this argument is without legal foundation as well as commercially impracticable.

■ The trial judge accurately noted that where time is not of the essence in a written contract, strict compliance with date of performance may be waived by oral agreement. *Sweeney v. Jacobsen*, 103 F.Supp. 393 (D.D.C.1952), *aff'd*, 92 U.S.App. D.C. 93, 202 F.2d 461 (1953). However, where time is contractually stipulated to be of the essence, this rule does not apply. Modification of the time of settlement is a material change of the original contract which cannot be accomplished without a writing.[3] *See Burnford v. Blanning*, 540 P.2d 337, 189 Colo. 292, 340 (1975) (en banc).

■ Here, the buyer seeks to estop the seller from asserting the Statute of Frauds as a bar to enforcement, claiming both that he relied upon the oral agreement to his detriment, and that he partially performed under the oral modification. While equitable estoppel may be granted for either of these reasons, the record does not demonstrate that such relief is appropriate in this instance.

■ An oral agreement to purchase land is taken out of the Statute of Frauds only when the purchaser has changed his position so materially that unless the oral contract is enforced, fraud will result. *Am-*

---

**3.** Although the statute provides that any agreement involving an interest in real estate which purportedly is for a term in excess of one year must be in writing to be enforceable, partial or complete performance under an oral contract may remove the case from the applicability of the statute. D.C.Code 1981, §§ 28–3501, –3502. *Amberger & Wohlfarth, Inc. v. District of Columbia*, D.C.App., 300 A.2d 460, 463

(1973). *See also Discovery Land and Development Company v. Colorado-Aspen Development Corp.*, 40 Colo.App. 292, 577 P.2d 1101, 1105 (1977). Further, detrimental reliance upon the oral contract by one of the parties may remove the modification from the statute's reach. *See Brewood v. Cook*, 92 U.S.App.D.C. 386, 389, 207 F.2d 439, 442 (1953).

merman v. City Stores Co., 127 U.S.App. D.C. 325, 328 n. 6, 394 F.2d 950, 953 n. 6 (1968); Brewood v. Cook, 92 U.S.App.D.C. 386, 389, 207 F.2d 439, 441 (1953). Mere refusal to perform an oral contract within the statute does not generally constitute such fraud as to raise the estoppel. See Easter v. Kass-Berger, D.C.Mun.App., 121 A.2d 868, 871 (1956). In order to effectively assert estoppel, the promisee must be able to show that he has changed his position substantially for the worse and that he has incurred unjust and unconscionable injury. WILLISTON ON CONTRACTS § 533, at 808 (3d ed. 1959). Appellant has failed to make such a showing.

In support of his claims, Landow urges that he has incurred expenditures in excess of $150,000 for the contract deposit, attorney's fees and architectural plans. However, we are unpersuaded that any significant portion of these costs can be attributed to the seller's inducement to performance under the oral agreement. An analysis of the individual sources of the claimed damages makes it apparent that only a small portion of the $150,000 figure could have been incurred in reliance upon the oral modification.

Specifically, $100,000 of the asserted amount represents a contract deposit for liquidated damages. This deposit bears no relation to the subsequent oral agreement and would have been a cost to the buyer in any case. Further, the preliminary building plans, which necessitated the bulk of the architectural services under the contract, were prepared prior to the buyer filing permit applications in February 1979, months before any oral agreement was entered into. Finally, any attorney's fees that were incurred must be viewed as an ordinary business cost.

 The buyer has failed to demonstrate sufficient damages incurred in reliance on or in performance of the oral agreement to estop appellee from asserting

4. We are compelled to note at this juncture, that even were the buyer able to prove his alleged damages, his sole injury is monetary

the Statute of Frauds. See Easter v. Kass-Berger, supra.[4]

Affirmed.

and fully compensable at law. It is well established that the equitable remedy of estoppel is, therefore, not appropriate.