ALLSTATE INSURANCE COMPANY, et al., Appellants,

v.

Joe L. ROBINSON, et al., Appellees.

No. 92–CV–513.

District of Columbia Court of Appeals.

Submitted June 1, 1994.

Decided Aug. 4, 1994.

Edwin C. Brown, Jr., Alexandria, VA, for appellants.

Nicholas S. Nunzio, Jr., Washington, DC, for appellees.

Before FERREN * and KING, Associate Judges, and REILLY, Senior Judge.

REILLY, Senior Judge:

Appellant, Allstate Insurance Company, urges us to reverse an order of a Superior Court judge, denying a motion for trial, after an arbitrator had awarded some $10,412 in favor of the plaintiffs, Joe L. Robinson and his wife, who had brought an action to recover damages incurred by him in a collision with a car allegedly operated negligently by Stephen Bota.[1] Robinson argues that the challenged order was proper because Allstate's motion was untimely. As we agree with appellant's contention that the arbitrator's failure to serve it with notice of the award prevented it from meeting the deadline for filing its motion, we reverse and remand the case for trial *de novo*.

As we deem lack of service, the dispositive factor in this appeal, a brief summary of the proceedings and the governing procedural rules seems in order.

After the complaint was filed, Allstate filed an answer. Bota failed to do so, and a default judgment was entered against him. As the amount of damages was still undetermined, a request for non-binding arbitration was made and accepted by the court. An arbitrator appointed pursuant to the Superior Court Mandatory Arbitration Rules [2] conducted a hearing attended by counsel for the plaintiffs and codefendant, Allstate. Bota did not appear or testify. Robinson was the only witness. The arbitrator filed his award

---

* Judge FERREN was Acting Chief Judge at the time of argument. His status as an *Associate Judge* resumed on June 14, 1994.

1. The complaint based Robinson's claim upon personal injury, his wife's on loss of consortium, and Allstate's liability on a policy affording compensation to Robinson for injury caused by uninsured motorists. Bota fell into this category.

2. This set of rules was revised by the Superior Court effective February 15, 1992, and again effective September 1, 1993. As neither revision was applicable to cases ordered to arbitration, prior to the respective effective dates, we deem such subsequent revisions as having no relevance to the matter before us. See note 5, *infra*.

in the lower court two days later, January 19, 1992. As none of the parties filed a praecipe demanding a trial *de novo* within the fifteen-day period prescribed under the rules following the filing of the arbitrator's award, the court entered a judgment confirming such award on March 16, 1992. See Super.Ct.Mand.Arb.R. IX and XII.

According to appellant's counsel, it was not until he was notified of this judgment by the clerk of the court that he was aware that the arbitrator had filed or even rendered an award. He promptly moved for a new trial, citing Super.Ct.Civ.R. 59, and arguing that the judgment should never have been entered because the arbitrator failed to comply with Super.Ct.Mand.Arb.R. IX, which provides *inter alia:*

> In each case, the arbitrator shall file the arbitration award with the ... arbitration clerk *and serve it upon all parties* within 15 days after the hearing. The award shall include a notice to the parties, in a form provided by the clerk, *of the right to request a trial de novo and of the deadline for filing a trial praecipe to obtain such a trial.* The award shall be entered as a judgment of the Court ... after expiration of the time for filing for trial *de novo* as set forth in Arbitration Rule XII. [Emphasis supplied.]

Plaintiffs filed an opposition, and the judge to whom the matter was referred denied the motion. He gave no reasons for his ruling, nor did he make any finding on the assertion that the arbitrator had never served his award on appellant.[3]

After examining the designated record, we find nothing in it which refutes appellant's factual claim of lack of service (*e.g.,* affidavit of mailing, a postal receipt, or process server's return of service). Counsel for the Robinsons does not challenge Allstate's contention that it received no timely notice of the arbitrator's award and indeed seems to concede this point by stating that he himself became aware of the award by making personal inquiry of the arbitrator. Apparently,

the arbitrator failed to make the requisite service upon any party.[4]

█ It is well settled that "an individual is entitled to fair and adequate notice of ... proceedings that will affect his rights, in order that he may have an opportunity to defend his position." *Carroll v. District of Columbia Dep't of Employment Servs.,* 487 A.2d 622, 623 (D.C.1985) (per curiam). Rule IX, *supra,* requires that arbitrating parties will be notified of the filing of the award, thus affording them the opportunity to file a praecipe for a trial *de novo* within the fifteen-day period. In the instant case, Allstate was precluded from demanding such a trial *de novo* because of the lack of service. Under these circumstances, the judgment against Allstate cannot stand. *See Rosenberg's, Inc. v. Stanley Lloyd, Inc.,* 183 A.2d 835, 837 (D.C.1962) ("judgment against appellee was void for lack of proper service"); *Wise v. Herzog,* 72 App.D.C. 335, 337, 114 F.2d 486, 488 (1940) ("Service of process is the means by which such notice is given and such opportunity afforded.... Without such service, no jurisdiction exists; the court lacks power to act; and a judgment rendered against a person, under such circumstances, is void for all purposes") (footnotes omitted).

█ Notwithstanding these authorities, the plaintiffs urge that the entry of judgment in their favor should stand advancing two arguments neither of which we deem convincing. They point out that Allstate's reliance upon Super.Ct.Civ.R. 59 is misplaced as that rule is expressly limited to judgments entered after jury or judicial trials. While this is true, we have held that "[t]he nature of a motion is determined by the relief sought, not by its label or caption." *Wallace v. Warehouse Employees Union # 730,* 482 A.2d 801, 804 (D.C.1984) (citations omitted); *accord, Green v. Louis Fireison & Assocs.,* 618 A.2d 185, 189 (D.C.1992). In essence, what Allstate alleges is that the judgment it attacked in its motion was invalid. As we agree, it would appear that another Superior Court rule provided the movant with another avenue for relief. We note that Super.Ct.Civ.R. 60(b)(4) allows a trial court to

---

3. Supp.Rec. No. 1, p. 1.

4. See Memorandum in Opposition to Motion for New Trial, R. 13.

relieve a party from a final judgment on the ground that such judgment is void. Accordingly, the denial of appellant's motion was error.[5]

■ Plaintiff's second argument is that Allstate foreclosed itself from demanding a post-arbitration trial *de novo* because the papers filed in support of the motion reveal that it proposes to show that Robinson's policy did not cover the vehicle he was driving when the accident occurred. They draw attention to Allstate's previously filed answer in which coverage was conceded. This argument seems to ignore the fact that a person dissatisfied with a non-binding award may demand a trial *de novo* without disclosing any reason for refusing to accept the arbitrator's decision.[6]

We agree, of course, with the point that the issues to be determined in a trial are framed and limited by the pleadings of the parties. This does not mean, however, that a litigant may not file a timely pre-trial motion to amend either the complaint or the answer if evidence discovered after the original filings, including testimony elicited in an arbitration proceeding, causes him to rethink his position. Hence, Allstate is not precluded from submitting in advance of the pretrial conference a motion to amend its answer. Whether or not such motion should be granted lies within the discretion of the trial court and we express no opinion as to how the motions judge should rule. *See* Super.Ct.Civ.R. 15 and annotation thereto.

*Reversed and remanded for trial de novo.*

---

5. In reaching this conclusion, we are not unaware that under subsequent revisions of the arbitration rules, a judgment entered after the expiration of the time for filing a demand for trial *de novo* "may not be appealed nor be the subject of a motion under Super.Ct.Civ.R. 59 or 60(b)." See Civ.Arb.Program R. X (1994 Supp.). This very rule, however, requires the arbitrator to "mail or electronically transmit [the award] to all parties, within 15 days after the arbitration hearing." *Id.* In light of this requirement, it seems plain to us that a judgment entered in violation of this rule deprives a litigant of due process. Hence, a party aggrieved by such a judgment, must be entitled to have it set aside

even though Rule 60(b), *supra*, may not be expressly invoked. *See Service v. Dulles*, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957), and *Accardi v. Shaughnessy*, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954).

6. A party rejecting the arbitrator's decision, and electing to go to trial is by no means free from risk. In addition to the possibility of faring worse in the trial court, the rules penalize such a party with the entire payment of the arbitrator's fees and certain other costs, unless he improves his lot by at least ten percent of the award. See Super.Ct.Mand.Arb.R. XI(c).