Fulton LISS, Appellant,

v.

Karen FELD, Appellee.

No. 95–CV–1330.

District of Columbia Court of Appeals.

Argued Feb. 27, 1997.

Decided March 27, 1997.

Patricia M. Thornton, for appellant.

Norman L. Blumenfeld, Washington, DC, for appellee.

Before FERREN, STEADMAN, and KING, Associate Judges.

KING, Associate Judge:

Appellant Fulton Liss contends that a praecipe rejecting an arbitration award and demanding trial *de novo,* which was filed on his behalf in the Civil Division after-hours box within the time frame specified by the governing rule, was timely filed, and that the arbitration judgment entered against him after the praecipe was not forwarded to the Multi–Door Division office was improperly entered. We agree and therefore hold that, under the circumstances, the appellant's praecipe was timely filed and the arbitration judgment was entered in violation of the arbitration rules and was void. Accordingly, we reverse and remand for trial *de novo.*[1]

## I.

Appellee Karen Feld brought the instant action against Liss alleging that she sustained permanent brain injuries as a result of an automobile collision in which Liss drove his car into the rear of Feld's car. The trial

---

1. Because we remand for trial *de novo,* the other issues raised by appellant may be addressed by the trial court and need not be decided here.

judge ordered the parties to submit to non-binding arbitration and assigned the case to the Multi–Door Dispute Resolution Division ("Multi–Door Division" or "Multi–Door"). After both parties conducted discovery, a hearing was held before a court-approved arbitrator, who awarded Feld $110,000.

The Civil Arbitration Program provides court-sponsored arbitration for parties with lawsuits pending in the Civil Division, and is an integral part of the Superior Court's Civil Delay Reduction project. *See* Super. Ct. Civ. Arb. R. Introduction. Certain actions filed in the Civil Division may be assigned to the Multi–Door Division by the calendar judge assigned to the case. *See* Super Ct. Civ. Arb. R. I(b). While the arbitration rules authorize arbitrators to exercise many powers normally exercised by a trial judge, the rules require certain recommended rulings be submitted to the assigned calendar judge in the Civil Division, *see* Super. Ct. Civ. Arb. R. VI, IX (d)(3), and the final disposition of a case is processed through the Clerk of the Civil Division and/or the calendar judge. *See* Super. Ct. Civ. Arb. R. X(b); XI (d); XII (e), (f); XIII (c), (d), (e). In addition, arbitrators are assigned pursuant to procedures designated by the Presiding Judge of the Civil Division, and the individual calendar judge assigned to the case may remove the arbitrator upon motion of a party. Super. Ct. Civ. Arb. R. IV(b), (d). Thus, although some civil cases may be assigned to the Multi–Door Division arbitration program, the cases remain under the umbrella of the Civil Division.

Parties who have undergone nonbinding arbitration may reject the award by filing a demand for trial *de novo* within fifteen days after the filing of the arbitration award. The demand is to be filed with the Multi–Door Division. Super. Ct. Civ. Arb. R. VIII(b), (f); XI (b). A demand for trial *de novo* returns the case to the civil trial calendar. Super. Ct. Civ. Arb. R. XI (c). If no party files a demand for trial *de novo* within fifteen days, the Clerk of the Civil Division enters the award as a judgment of the court; this judgment may not be appealed or be the subject of a motion under Super. Ct. Civ. R. 59 or 60(b). Super. Ct. Civ. Arb. R. X(b).

The arbitration award against Liss was filed on February 10, 1995. On February 23, 1995, Liss employed a courier to file a praecipe rejecting the award and demanding a trial *de novo*. The courier arrived at the courthouse after business hours, date stamped the document using the Administrative Office date stamper located in the lobby area of the courthouse, and left the document in the Civil Division after-hours box.[2] The record shows that, in addition to the Administrative Office "Received" stamp, the document was stamped as "Filed" on February 23, 1995, by the Civil Actions Branch. It was the Multi–Door Division's policy to accept documents filed with other sections of the court as timely filed so long as the documents were timely date stamped and eventually reached the Multi–Door Division. Such documents normally were forwarded to the Multi–Door Division within a few days.[3]

In this case, however, the document was not received by the Multi–Door Division until May 2, 1995, more than five weeks after it was accepted as "filed" by the Civil Action Branch. In the meantime, because the Multi–Door Division had not received Liss's praecipe and demand for trial *de novo*, it transmitted the arbitration award to the Clerk of the Civil Division to be entered as a judgment. The judgment was entered on

---

2. The praecipe includes a certificate of service upon Feld by first class mail on February 21, 1995. In subsequent papers filed with the court, Liss maintained that he mailed a copy of the praecipe to counsel for Feld and also advised counsel by telephone that he was rejecting the arbitration award. Counsel for Feld, however, insists that he did not receive a copy of the request for trial *de novo*, and denies that he was advised by telephone that Liss had filed such a request.

3. This policy was expressed in a memorandum from the Multi–Door Division to the trial judge submitted while she was considering appellant's motion to vacate the judgment. The applicable portion of the memo states that, "as a policy, we have accepted documents filed in other sections of the court as being timely filed if two conditions exist: (1) the documents must be timely date stamped and (2) the document must eventually be received by Multi–Door. Usually if the documents are time stamped with the administrative stamp, the copy would arrive at our office within 72 hours and are usually duplicates."

March 10, 1995. When Liss received notice of the entry of judgment, he promptly filed a motion to vacate the judgment, attaching a copy of the praecipe bearing the Administrative Office date stamp, and an affidavit from the courier attesting that the courier had filed the document in the Civil Division after-hours box on February 23.

On September 18, 1995, in a written order, the trial judge denied Liss's motion to vacate the arbitration judgment, ruling that the demand for trial *de novo* was not timely filed because it was filed in the Civil Division after-hours box and not in the Multi–Door office. The trial judge noted that the document did not include any reference to the Multi–Door Division and did not include a request that it be forwarded to Multi–Door. The order acknowledged the Multi–Door Division's policy of accepting documents filed with other sections of the court, discussed above, see note 3 *supra*, however, the trial judge, implicitly assuming that any misfiled but accepted documents in other arbitration cases had always reached the Multi–Door office before the expiration of the fifteen-day period, ruled that Liss was not entitled to have the judgment vacated on grounds that other misfiled documents fortuitously arrived at the Multi–Door Division in time. Finally, the judge noted that because Liss had until February 27 to file his demand for trial *de novo*, he had time to determine whether Multi–Door had received and accepted as filed the praecipe he had placed in the after-hours box, but had not taken any steps to do so.

Under the arbitration program rules, the Clerk of the Civil Division shall enter an arbitration award as a judgment of the court only "[i]f the time for filing a demand for trial *de novo* expires without such action...." Super. Ct. Civ. Arb. R. X(b). Because we hold that Liss filed a demand for trial *de novo* within the required fifteen days, the judgment was entered in violation of Rule X(b), thus depriving him of due process; therefore he is entitled to have the judgment set aside as void. *See Allstate Ins. Co. v. Robinson*, 645 A.2d 591, 594 n. 5 (D.C.1994).

## II.

■ Super. Ct. Civ. R. 77(a) provides that "[t]he Superior Court shall be deemed always open for the purpose of filing any pleading or other proper paper ..."[4] The Superior Court Rules do not restrict the availability of after-hours filing to emergencies such as circumstances where a party must file that evening in order to meet some deadline. The record indicates that, when Liss's praecipe was filed, there was no box specifically available for Multi–Door Division filings, and there is no evidence in the record that the Civil Division after-hours box included any warning that the box could not be used for filing documents for the Multi–Door Division or for any matters that were civil-related but not then assigned to the Civil Division, or that its use was limited to filings which were due no later than the day of filing. An Administrative Office date stamper was provided near the after-hours boxes to allow parties to date stamp their filings and obtain a date-stamped copy for their own files; there is no evidence in the record that after-hours date stampers were provided anywhere else in the courthouse.

The Multi–Door Division, so far as relevant here, operates under the umbrella of the Civil Division. The record does not reflect, and we have not been informed of, any published procedures governing the operation of the Multi–Door Division other than those found in the Superior Court Civil Arbitration Program Rules. Those rules specify that the Superior Court Rules of Civil Procedure apply to all proceedings under the arbitration program except where the arbitration rules and the civil rules conflict; in that event, the arbitration rules control. *See* Super. Ct. Civ. Arb. R. XV. While Super. Ct. Civ. Arb. R. VIII(b) requires parties to file certain papers, including a demand for trial *de novo*, "with the Multi–Door Division," and Rule VIII(c) requires that certain other papers be filed "with the Civil Clerk's Office," the arbitration rules contain no provisions or requirements for filing after-hours pleadings or papers. Thus under Super. Ct. Civ. Arb. R. XV, after-hours filing is controlled by the Civil Rules, which allow filing of pleadings or

---

**4.** This rule is identical to its federal rules counterpart, Fed.R.Civ.P. 77(a).

other proper papers twenty-four hours a day. In the absence of any provision by the Multi–Door Division for after-hours filing, such as a lobby box, or a rule or notice to parties instructing them to leave Multi–Door after-hours filings elsewhere, or to not file in that location at all, we think that Liss filed his praecipe in the only place that was available to him for after-hours filings in his civil case. Therefore we conclude that he complied with the filing requirements.[5]

Since Liss complied with the filing requirements, the trial court should have vacated the judgment as void when Liss provided the trial court with a copy of the timely date-stamped praecipe. Under similar circumstances in *Allstate Ins. Co.,* *supra,* we held that a judgment entered in violation of the arbitration rules was void. In *Allstate,* an arbitration judgment was entered against the defendant after no demand for trial *de novo* was filed within the fifteen-day period prescribed. However, the defendant had not received a copy of the arbitrator's award, and only became aware that the award had been made when he was notified of the entry of judgment. Similarly, Liss first learned that his demand for trial *de novo* had not been given its intended effect when he received notice of the entry of judgment. The defendant in *Allstate,* as did Liss, promptly moved for a new trial, contending that the judgment should not have been entered because of a failure to comply with the arbitration rules, and that the judgment was therefore invalid. In reversing the entry of judgment, we agreed that the judgment was void and that the trial court erred by denying the defendant's motion for trial *de novo.* 645 A.2d at 593–94. Here, Liss was notified of the arbitrator's award, and he filed a praecipe demanding trial *de novo* within the prescribed period. Despite his timely filing, the judgment was entered, thus violating the applicable arbitration rule. Because the judgment was entered in violation of the rule it was void,[6] even though the trial court was unaware of the rule violation at the time the judgment was entered. Under these circumstances, the trial court erred by denying the motion to vacate the judgment.

*Reversed and remanded for trial de novo.*

---

5. The trial judge's ruling denying the motion to vacate noted that the heading on Liss's praecipe did not include any reference to the Multi–Door Division or a request that the document be forwarded to the Multi–Door Division. Neither the arbitration rules nor the Civil Rules require such a heading or request, although a party may be well-advised to include such information. Liss's document included all that was required under the rules. *See* Super. Ct. Civ. R. 10.

6. The judgment is void because, as we said in *Allstate, supra,* a judgment entered in violation of the applicable rule deprives a litigant of due process. 645 A.2d at 594 n. 5. We note, however, that the right to appeal a judgment properly entered after an arbitration award is narrowly circumscribed. *See Howard & Hoffman v. Hartford Accid. & Indem.,* 634 A.2d 1214 (D.C.1993).