**Alonzo PERRY, Appellant,**

v.

**GALLAUDET UNIVERSITY, Appellee.**

No. 98–CV–405.

District of Columbia Court of Appeals.

Submitted Sept. 21, 1999.
Decided Oct. 21, 1999.

Leroy T. Jenkins, Jr., Washington, DC, was on the brief for appellant.

Christopher E. Hassell, Washington, DC, was on the brief for appellee.

Before WAGNER, Chief Judge, and SCHWELB and GLICKMAN, Associate Judges.

WAGNER, Chief Judge:

Appellant, Alonzo Perry, appeals from an order of the trial court granting the motion of appellee, Gallaudet University, to dismiss as untimely filed Perry's complaint under Title VII of the Civil Rights Act of 1964, 78 Stat. 253, 42 U.S.C. § 2000e, *et seq.*[1] Perry argues that the complaint was filed timely, *i.e.*, within ninety days of his receipt of a notice of his right to sue issued by the District of Columbia Department of Human Rights and Business Development (DHR), and there-

---

1. Perry also alleged in his complaint claims under the D.C. Human Rights Act, D.C.Code §· 1–2501 (1992) and the D.C. Family and Medical Leave Act, D.C.Code §§ 36–1301 *et seq.* (1993), which the trial court dismissed. Perry does not challenge these rulings on appeal.

fore the trial court erred in dismissing his complaint. We agree, and therefore, reverse for further proceedings.

## I.

Perry filed a complaint with the DHR alleging discrimination by his employer, Gallaudet University, based on race, age, and family disability. DHR issued a decision by letter dated June 14, 1996 finding no probable cause for the complaint. Perry filed a complaint in Superior Court against Gallaudet alleging, among other claims, racial discrimination in the terms and conditions of employment. The complaint was stamped "received" on September 16, 1996 at 6:44 p.m. by the Administrative Division of the Superior Court and marked "filed" on September 17, 1996 by the Civil Actions Branch of the Superior Court.

Gallaudet filed a motion to dismiss or for summary judgment of the Title VII claim on the ground that it was time-barred because it was not filed within ninety days after the notice of a right to sue was issued by DHR. Perry opposed the motion on the ground that the operative date for determination of the timeliness of his Title VII claim is the date of receipt of the right-to-sue letter. He argued that he received the right-to-sue letter on June 17, 1996 and filed his complaint within ninety days of that date. The trial court dismissed Perry's Title VII claim as time-barred.

## II.

Whether summary judgment was properly granted is a question of law, which this court reviews *de novo. Abdullah v. Roach,* 668 A.2d 801, 804 (D.C.1995) (citing *Osei–Kuffnor v. Argana,* 618 A.2d 712, 713 (D.C.1993)). The moving party must demonstrate that: (1) there is no issue of material fact in dispute; and (2) he is entitled to judgment as a matter of law. *Landow v. Georgetown–Inland West Corp.,* 454 A.2d 310, 313 (D.C.1982) (citing *Ellis v. Safeway Stores, Inc.,* 410 A.2d

1381, 1382 (D.C.1979)) (other citation omitted). Only after the moving party establishes that there is no genuine issue of material fact does the burden shift to the non-moving party. *Id.* (citing *Reichman v. Franklin Simon Corp.,* 392 A.2d 9, 14 (D.C.1978)) (other citation omitted). Here, Gallaudet did not meet that burden because the fact upon which it focused in support of its claim of untimeliness, the date DHR issued its decision, was not material to that determination. An examination of the legal principles controlling the question will demonstrate that Gallaudet failed to meet its burden.

An individual asserting a claim under Title VII must register the grievance with either the Equal Employment Opportunity Commission (EEOC) or the State or local agency having jurisdiction of such claims. 42 U.S.C. § 2000e–5(e)(1). In this case, Perry filed his claim with DHR, the appropriate State agency in the District of Columbia. When the Commission or State agency dismisses the action, it is required to "notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved . . . ." 42 U.S.C. § 2000e–5(f)(1). This statute has been interpreted to mean that it is the "[r]eceipt of the notice [which] triggers the suit-filing period." *Shehadeh v. Chesapeake & Potomac Tel. Co.,* 193 U.S.App. D.C. 326, 595 F.2d 711, 717 (D.C.Cir.1978) (citing *Plunkett v. Roadway Express, Inc.,* 504 F.2d 417 (10th Cir.1974) (other citations omitted)); *see also Jones v. Runyon,* 32 F.3d 1454, 1456, 1458 (10th Cir.1994) (applying analogous limitations period of Title VII to a claim under the Age Discrimination in Employment Act, 29 U.S.C. § 633a, and commencing the period for filing suit from the date of receipt of EEOC's decision).

In *Plunkett,* the Tenth Circuit held that "the period for filing private suits under section 706 of Title VII runs from the aggrieved person's receipt of the Commis-

sion's letter of notice." *Plunkett,* 504 F.2d at 419. The Tenth Circuit observed that before this section was amended to extend the thirty-day period to ninety days, the Supreme Court had construed the notice provision to mean that the period for filing commences to run from the date on which the notice is received. *Id.* at 418 (citing *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) and *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Both *Alexander* and *McDonnell Douglas* set forth as a jurisdictional prerequisite to a claim under the Act, *receiving* and acting upon the statutory notice of the right to sue. *Alexander,* 415 U.S. at 47, 94 S.Ct. 1011 (citations omitted); *McDonnell Douglas,* 411 U.S. at 798, 93 S.Ct. 1817 (citations omitted). The *Plunkett* court specifically rejected as contrary to the legislative history and the policy underlying the notice requirement the trial court's determination that the 1972 amendment, which lengthened the complaint-filing period, also changed the date on which the period commenced to run to the date of mailing of the notice.[2] *Plunkett,* 504 F.2d at 418. Other circuit courts adhere to the rule, which is applicable here, that "[i]n order to be timely, a claim under Title VII ... must be filed within 90 days of the claimant's receipt of a right-to-sue letter." *Sherlock v. Montefiore Med. Ctr.,* 84 F.3d 522, 525 (2d Cir. 1996) (citing 42 U.S.C. § 2000e–5(f)(1) (other citations omitted)); *see also Peete v. American Standard Graphic,* 885 F.2d 331 (6th Cir.1989) (measuring the ninety-day period from the date of receipt of the right-to-sue letter); *Russell v. American Tobacco Co.,* 528 F.2d 357 (4th Cir.1975), *cert. denied,* 425 U.S. 935, 96 S.Ct. 1666, 1667, 48 L.Ed.2d 176 (1976).

It is undisputed that DHR issued the right-to-sue letter on June 14, 1996. In its motion to dismiss or for summary judgment, Gallaudet did not state the date on which this notice was received by Perry, although Perry stated in his opposition that he received it on June 17, 1996. As the moving party, Gallaudet's failure to show the date that the right-to-sue letter was received, the operative date for determining timeliness of the claim, in itself, precluded summary dismissal of the claim on this ground. *See Landow, supra,* 454 A.2d at 313. Until that showing was made by the moving party, the burden did not shift to the non-moving party to show the existence of a material fact. *Id.* (citation omitted). Moreover, "normally it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." *Sherlock, supra,* 84 F.3d at 526 (citing *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 148 & n. 1, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)); *see also Russell, supra,* 528 F.2d at 365. (A person is not charged with receiving a right-to-sue notice on the same day that it is mailed). Such a presumption is reasonable absent evidence to the contrary. *Id.* The presumption is not dispositive where other evidence is offered that the notice was mailed on a date other than the typewritten date on the notice. *Id.* (citing *Smith v. Local Union 28 Sheet Metal Workers,* 877 F.Supp. 165, 172 (S.D.N.Y.1995), *aff'd* 100 F.3d 943 (2d Cir.), *cert. denied,* 519 U.S. 832, 117 S.Ct. 101, 136 L.Ed.2d 55 (1996)). In this case, no evidence was offered in support of the motion tending to show that the notice was mailed on a date other than the date of issuance of the decision or delivered by other than mail service.

---

2. The Court quoted from the section-by-section analysis which accompanied the conference report on the bill which stated " '[T]he person aggrieved may bring an action in an appropriate district court within 90 days after receiving notification.' " *Plunkett, supra,* 504 F.2d at 418 n. 2 (quoting Senate Committee on Labor & Public Welfare, Legislative History of the Equal Employment Opportunity Act of 1972 (H.R.1746, P.L. 92–261), 92d Cong., 2d Sess. at 1847 (1972)). The report also stated that any area not addressed, or in absence of a contrary intent, it was assumed that the present case law would continue to govern the construction of Title VII. *Id.*

Thus, Gallaudet did not rebut the presumption operating in Perry's favor that mailing occurred on the date of the typewritten notice.[3]

 Also favoring Perry's assertion that he received notice on June 17th is another presumption. "Normally it is assumed that a mailed document is received three days after its mailing." *Sherlock, supra,* 84 F.3d at 525–26 (citing *Baldwin County Welcome Ctr., supra* ) (citing Fed. R.Civ.P. 6(e)).[4] Rule 6(e) is identical to Super. Ct. Civ. R. 6(e), which provides that when a party is required to act "within a prescribed period after the service of a notice ... and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period." Interpretations of federal rules identical to our rules are accepted as persuasive authority. *Varela v. Hi–Lo Powered Stirrups, Inc.,* 424 A.2d 61, 68 (D.C.1980) (citations omitted).

 So long as Perry filed his action under Title VII within ninety days of the receipt of the notice of a right to sue from DHR, his complaint would be timely. Perry asserted in his opposition to Gallaudet's motion that he received the right-to-sue letter on June 17, 1996, three days after its issuance, which included an intervening Saturday and Sunday.[5] Absent evidence to the contrary, we accept this date of receipt for purposes of reviewing the grant of summary judgment. *See Sherlock, supra,* 84 F.3d at 526. In computing the period of time prescribed by an applicable statute, the date of the occurrence from which the statute commences to run is excluded, and the last date is included "unless it is a ... Sunday ..., in which event the period runs until the end of the next day which is not one of the aforementioned days." Super. Ct. Civ. R. 6(a). In this case, the ninetieth day fell on a Sunday; therefore, the complaint would have been timely filed on Monday, September 16, 1996. Gallaudet contends in a footnote to its brief that Perry did not assert that the Sunday was excluded from the calculation of the ninety-day period. Perry argued that his complaint, filed on September 16, 1996, came within the ninety-day period. Although no explicit reference was made to Rule 6(a), calculation of the ninety-day period cannot be made by the parties or the court without reference to the applicable rule. Therefore, we do not deem the point to be waived by Perry.

Finally, Gallaudet argues that Perry did not file his action until September 17, 1996. Gallaudet did not challenge in the trial court Perry's assertion that the complaint was filed on September 16, 1996. Gallaudet specifically stated that Perry filed his action on September 16th in its memorandum of points and authorities in support of its motion to dismiss. Therefore, Perry

3. Gallaudet's motion was not supported by affidavits, interrogatory responses, or deposition testimony as provided for in Super. Ct. Civ. R. 56. Rule 56(e) provides that:

[w]hen a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Here, the record on appeal does not show that Gallaudet supported its motion in the manner provided for in the rule; therefore,

the fact that Perry's assertion of facts in controversy was unsworn is of no consequence. In any event, as previously explained, Gallaudet's motion did not focus on the material issue essential to its argument that Perry's claim was time-barred.

4. *But see Peete, supra,* 885 F.2d at 332 (declining to apply Fed.R.Civ.P. 6(e) to extend the time for filing a claim under Title VII of the Civil Rights Act because § 2000e–5(f)(1) requires filing of the complaint within 90 days after right-to-sue notice is *received,* and therefore, mailing works no hardship).

5. We take judicial notice that June 14, 1996 was a Friday, and June 17, 1996 was the following Monday.

had no occasion to address in its opposition the filing date for the complaint, which was apparently conceded. Assuming without deciding that Gallaudet can alter on appeal its position taken in the trial court conceding this fact, we are persuaded, nevertheless, on the present record that the complaint was timely filed.

The complaint is marked "received" by the Administrative Services Division of the Superior Court on September 16, 1996 at 6:44 p.m., and "filed" on September 17, 1996 by the Civil Actions Branch of the Superior Court. A civil action is commenced by the filing of a complaint which thereby tolls the statute of limitations. *Varela, supra,* 424 A.2d at 62, 65 (citing Super Ct. Civ. R. 3) (other citations omitted); *see also Farmer v. Farmer,* 526 A.2d 1365, 1369 (D.C.1987). In the context of a federally created right, as here, the federal circuit courts of appeal have interpreted the comparable federal rule to require only the filing of a complaint to commence the action and toll the statute of limitations. *Varela,* 424 A.2d at 69 (citations omitted). Under Super. Ct. Civ. R. 77(a), "[t]he Superior Court shall be deemed always open for the purpose of filing any pleading or other proper paper ...." This rule permits after-hours filings.[6] *See Liss v. Feld,* 691 A.2d 145, 147 (D.C.1997).

In *Liss,* following an arbitration award for plaintiff, a courier for defendant filed a praecipe after hours rejecting the award and demanding a trial *de novo,* which reflected that it was received by the Administrative Office of the Court.[7] 691 A.2d at 146. The rules of court required the rejection of the award and a demand for trial to be filed with the Superior Court's Multi–Door Division. *See* Super. Ct. Civ. Arb. R.

VIII(b), (f) and XI (b); *Liss* at 146. The praecipe was marked filed within the fifteen-day period by the Civil Actions Branch, but it was not delivered to the Multi–Door Division until more than five weeks later. *Id.* A judgment was entered on the arbitration award. *Id.* at 146–47. The trial court denied the defendant's motion to vacate the judgment, concluding that the praecipe had not been filed timely because it was filed in the Civil Division after-hours box, and not the Multi–Door Division. *Id.* at 147. This court held that the trial court should have vacated the judgment, concluding that defendant had complied with the filing requirements by "fil[ing] his praecipe in the only place that was available to him for after-hours filings in his civil case." *Id.* at 148.

In this case, Perry used the only place available for filing after hours, which is allowed by court rule.[8] For statute of limitations purposes, Perry timely filed his complaint with the court on September 16, 1996 and thereby came within the period of limitations. *See Varela, supra,* 424 A.2d at 62; *see also Farmer, supra,* 526 A.2d at 1369.

For the foregoing reasons, the judgment appealed from hereby is reversed and the case is remanded to the trial court with instructions to reinstate Perry's claim under Title VII of the Civil Rights Act.

*So ordered.*

---

**6.** The Civil Division's Clerk's Office is open from 9:00 a.m. until 4:30 p.m. all days except Sunday and legal holidays and from 9:00 a.m. until noon on Saturdays. Super. Ct. Civ. R. 77–I.

**7.** In *Liss,* the Court explains that the Administrative Office date stamper is provided near the after-hours box to allow the parties to

date stamp their filings. *Liss, supra,* 691 A.2d at 147.

**8.** No explanation has been presented in this record or in briefing for the distinction between the "received" marking and the "filed" marking. Therefore, we do not address any issue which might be raised thereby in this appeal.