**HOWARD & HOFFMAN,
INC., Appellant,**

v.

**HARTFORD ACCIDENT & INDEMNITY
COMPANY, Appellee.**

No. 92–CV–1400.

District of Columbia Court of Appeals.

Argued Nov. 17, 1993.

Decided Dec. 15, 1993.

Bryson F. Popham, Richard T. Colaresi, Annapolis, MD, for appellant.

Brien A. Roche, McLean, VA, for appellee.

Before TERRY, KING and SULLIVAN, Associate Judges.

TERRY, Associate Judge:

Appellant brings this appeal from a judgment of the Superior Court resulting from an arbitration award. Because the applicable rules governing arbitration proceedings expressly state that such a judgment "shall not be the subject of an appeal," we dismiss this appeal for lack of jurisdiction.

I

Although there is no record of the arbitration proceedings,[1] the basic facts in this case are not in dispute. Appellant Howard & Hoffman is an insurance agency, and appellee Hartford is one of the insurance companies which it represents. In 1984 a labor union in the District of Columbia purchased a workers' compensation policy from Hartford through Howard & Hoffman. The policy included a provision known as "other states coverage," which covered injuries suffered by the client's employees while working outside the District of Columbia. Unknown to the policyholder, however, this coverage was eliminated by Hartford when it renewed the policy in 1986, and neither Hartford nor Howard & Hoffman informed the policyholder of this change in its coverage. When the policyholder filed a claim in 1988 after one of its employees was injured while working in Maryland, Hartford denied the claim. The policyholder sued both Hartford and Howard & Hoffman, and the two defendants filed cross-claims against each other.

All three parties agreed to participate in the Superior Court's voluntary arbitration program. They elected to submit their dispute to binding arbitration and stipulated that the arbitration award would be made "in the form of a Declaratory Judgment of liability, with no assessment of damages." The arbitrator, after a hearing, made an award in favor of the policyholder against both Hartford and Howard & Hoffman, who were found jointly and severally liable. The arbitration award was filed on August 5, 1992, and was entered as a judgment of the Superior Court on August 21.

Meanwhile, on August 17, Howard & Hoffman filed with the court an objection to the award, asserting that the arbitrator had erred by not addressing the cross-claims. In its prayer for relief, Howard & Hoffman requested either that the arbitration proceeding be reopened and the arbitrator directed to determine "the rights and liabilities between co-defendants," or that the award be vacated and the case assigned to a new arbitrator. After the judgment was entered, Howard & Hoffman filed a motion to amend the judgment and stay its execution, raising

---

1. There is no requirement that arbitration hearings be recorded. Any party may, if it so chooses, record an arbitration hearing at its own expense, but the court "shall not provide or pay for" such a record. Super.Ct.Civ.Arb.R. 6(g).

essentially the same arguments. That motion was denied, and Howard & Hoffman noted this appeal.

## II

The first question to be answered in any appeal is whether the appellate court has jurisdiction. In this case the answer is plainly in the negative.

In the Superior Court the parties elected binding arbitration under the court-sponsored arbitration program, which was established in 1982. This program "gives litigants the choice of a speedier and less expensive procedure for resolving their cases through Court-supervised binding or non-binding arbitration." Introductory Note to Superior Court Civil Arbitration Rules.[2] Arbitration has both advantages and disadvantages. It enables the parties to obtain a quick resolution of their dispute, often much quicker than they would get in a full-fledged trial, but in exchange they agree to forego litigation and its procedural protections.[3] Under the Superior Court voluntary arbitration program, one of those protections which the parties give up is the right to appellate review.

Superior Court Civil Arbitration Rule 7 states in pertinent part:

> [T]he arbitrator shall file the arbitration award with the Court and serve it upon all parties within 15 days after the hearing. The award shall be entered as a judgment of the Court after expiration of the time for filing for trial de novo, pursuant to Civil Arbitration Rule 10, unless a party makes a timely demand for trial de novo within 15 days, as set forth in Civil Arbitration Rule 10.[4] The judgment so en-

tered shall be subject to the same provisions of law and shall have the same force and effect as a judgment of the Court in a civil action, *except that it shall not be the subject of an appeal* or any motion under Superior Court Civil Rule 59 or 60(b). [Emphasis added.]

The language of the rule could not be clearer: there can be no appellate review of an arbitration award which has been entered as a judgment of the court. Appellant argues that the right to an appeal "cannot be denied to a person simply because he has selected arbitration as part of the process for resolving a dispute." This argument reflects a fundamental misunderstanding of the nature of binding arbitration. By agreeing to refer the case to arbitration, appellant relinquished its right to seek appellate review of any arbitration award after that award was entered as a judgment. Giving up that right was part of the *quid pro quo* involved in choosing arbitration.

By appealing from the trial court's denial of its motion to amend the judgment and stay its execution, rather than from the judgment itself, appellant attempts to do indirectly what it cannot do directly. This effort must fail because none of the grounds advanced in appellant's motion is an acceptable basis for objecting to an arbitration award. Under Super.Ct.Civ.Arb.R. 9, there are only three grounds upon which an arbitration award may be challenged. Rule 9 provides in part:

> Any party may file objections with the Court to the arbitration award for any of the following reasons, *and no other:*

---

2. By choosing voluntary arbitration, the parties necessarily agreed to be bound by the court's Civil Arbitration Rules. The provisions of the D.C. Uniform Arbitration Act, D.C.Code § 16–4301 *et seq.* (1989), do not apply here. The Uniform Act applies only when the parties themselves agree in writing, usually before litigation even begins, to submit a dispute to outside arbitration rather than to resort to the court-sponsored program. *See* D.C.Code § 16–4301.

The voluntary arbitration program is separate from the Superior Court's mandatory arbitration program, which has a completely different set of rules. *See* Super.Ct.Mand.Arb.R. I–XVII.

3. The Supreme Court has described some of the trade-offs of arbitration as follows:

> Arbitrators do not have the benefit of judicial instruction on the law; they need not give their reasons for their result; the record of their proceedings is not as complete as it is in a court trial; and judicial review of an award is more limited than judicial review of a trial.

*Bernhardt v. Polygraphic Co. of America, Inc.,* 350 U.S. 198, 203, 76 S.Ct. 273, 276, 100 L.Ed. 199 (1956).

4. Trial de novo under Rule 10 is available only when the parties elect non-binding arbitration, not binding arbitration as in this case.

(a) That the award of the arbitrator was procured by corruption, fraud, or other improper means;

(b) That there was gross misconduct of the arbitrator in the handling of the case; or

(c) That the arbitrator exceeded his or her jurisdiction. [Emphasis added.]

Appellant's challenge to the arbitration award does not rest on any of these grounds. Thus, even assuming that an appeal would lie from the denial of a motion to amend an arbitration judgment (as distinguished from the judgment itself), notwithstanding the jurisdictional bar of Rule 7, appellant can obtain no relief from this court.[5]

### III

Because the Superior Court Civil Arbitration Rules explicitly bar an appeal in a case such as this, the instant appeal is

*Dismissed for lack of jurisdiction.*

---

**5.** We note also that Arbitration Rule 7 prohibits "any motion under Superior Court Civil Rule 59 or 60(b)." Since a motion to amend a judgment is brought under Rule 59, it would appear to be barred by Rule 7.