**Mohammad SIDDIQ, Appellant,**

v.

**Michael OSTHEIMER, Appellee.**

No. 96–CV–1749.

District of Columbia Court of Appeals.

Argued March 5, 1998.

Decided Sept. 24, 1998.

Jeremy Flachs, Annandale, VA, for appellant.

Thomas A. Medford, Jr., Lanham, MD, for appellee.

Before STEADMAN, Associate Judge, KING, Associate Judge, Retired,* and PRYOR, Senior Judge.

* Judge King was an Associate Judge of the court at the time of argument. His status changed to Associate Judge, Retired, on September 1, 1998.

STEADMAN, Associate Judge.

Once a non-binding arbitration award has been filed with the Multi–Door Division of the Superior Court, any party to the arbitration may file with that division a demand for trial *de novo* within fifteen days. *See* Super. Ct. Civ. Arb. R. XI(b). Such demand returns the case to the civil trial calendar. ·*See* Super. Ct. Civ. Arb. R. XI(c). The arbitration rules provide, however, that

> [i]f the time for filing a demand for trial *de novo* expires without such action, the Clerk of the Civil Division shall enter the Award as a judgment of the Court as to each party. This judgment shall have the same force and effect as a final judgment of the Court in a civil action, but may not be appealed nor be the subject of a motion under Superior Court Rules of Civil Procedure 59 or 60(b).

Super. Ct. Civ. Arb. R. X(b).

The appeal before us addresses the question of the trial court's authority to grant relief when a party fails to timely file a demand for trial *de novo*. On the record before us, we reverse the trial court's order setting aside a judgment based on the arbitration award.

## I.

On August 7, 1995, appellant Mohammad Siddiq was awarded $25,000 in non-binding arbitration for injuries he sustained when appellee Michael Ostheimer rear-ended the vehicle in which Siddiq was a passenger. On September 7, 1995, an official of the Multi–Door Division informed the Judgments Office of the Civil Division that neither party had filed a demand for trial *de novo* pursuant to Rule XI(b). Based on this representation, on September 19, 1995, the clerk of the Civil Division entered an arbitration judgment in favor of Siddiq under Rule X(b).

On October 12, 1995, counsel for Ostheimer moved the trial court to set aside the judgment. Accompanying the motion was counsel's affidavit averring that he had in fact mailed a copy of the demand for trial to opposing counsel on August 9, 1995, which opposing counsel had indicated he received. With respect to the failure to file the demand for trial, the affidavit said simply, without further explanation, that counsel had "prepared the original, comeback. copy and judge's copy for filing and sent it to the Court for filing."

The trial court granted Ostheimer's motion to vacate the judgment. In doing so, the court acknowledged Ostheimer's concession that his demand for trial *de novo* "was inexplicably not filed in the court jacket," but noted the probability that counsel for Siddiq timely received a copy of the demand. The court suggested that "limited relaxations" of Rule X(b)'s provision of finality have been allowed previously, citing *Allstate Insurance Co. v. Robinson*, 645 A.2d 591, 593 (D.C. 1994), and observed that a "creative reading" of Superior Court Civil Rule 60(a) might justify vacation of the arbitration judgment.

On appeal,[1] we noted that the record "is imprecise with respect to the complete facts and circumstances relating to appellee's compliance or attempts to comply with the filing requirement" of Arbitration Rule XI(b). Therefore, we remanded the record to the trial court "so that such findings of fact, insofar as ascertainable, may be made, including whether the demand reached any component of the court system in a timely manner." The parties stipulated to the trial court that "an evidentiary hearing is unnecessary," and the court simply found that "there exists no evidence that defendant/appellee's demand for trial *de novo* reached any component of the court system in a timely manner."

We conclude that on the existing record, the court order setting aside the arbitration judgment cannot be sustained. We therefore

---

1. After the trial court vacated the arbitration award judgment, the case was tried before a jury. At the conclusion of all the evidence, the trial court granted Siddiq's motion for a directed verdict on Ostheimer's liability and the case was submitted to the jury solely on the issue of damages. The jury returned a "no damages" verdict. In addition to the issue discussed in this opinion, Siddiq raises several assertions of error in the jury trial proceedings. In light of our ruling, we need not address those other issues.

order that the judgment based on the arbitration award be reinstated.

## II.

■ "Once a trial court issues a final ruling dispositive of a lawsuit, there is only a limited number of ways in which the parties in a case can seek to reopen the matter." *Clement v. District of Columbia Dep't of Human Servs.*, 629 A.2d 1215, 1217–18 (D.C. 1993). In defending the trial court's action, Ostheimer invokes our oft-expressed preference in favor of trial on the merits, citing *Starling v. Jephunneh Lawrence & Associates*, 495 A.2d 1157 (D.C.1985). The appellant in that case, as is usual in such situations, invoked Superior Court Civil Rule 60(b) in seeking relief from the inadvertence of counsel. *See id.* at 1158; *cf. Debose v. Ramada Renaissance Hotel*, 710 A.2d 880 (D.C.1998) (failure to timely file proof of service); *Watkins v. Carty's Automotive Elec. Ctr., Inc.*, 632 A.2d 109 (D.C.1993) (failure to appear for initial hearing). However, the Superior Court, by its rule-making, has determined that judgments based on arbitration awards shall not be subject to the relief normally provided by Rule 60(b). In this regard, it is worth noting that unlike the classic default judgment situation, Ostheimer has in fact had a trial on the merits before an arbitrator. Although not excluded from application, Rule 60(a) acts only to correct clerical errors and cannot legitimately be extended to the circumstances here. *See Clement, supra*, 629 A.2d at 1218–19. We are cited to no other statute or rule upon which the trial court's action could be founded.[2]

It is true that in a pair of recent cases, we vacated arbitration judgments entered by the clerk. But in both those cases, the court system was at fault, presenting due process concerns. *See Liss v. Feld*, 691 A.2d 145, 148 & n. 6 (D.C.1997) (vacating arbitration judgment entered despite timely filing of demand for trial with Civil Division, which failed to forward praecipe to Multi–Door Division expeditiously); *Allstate, supra*, 645 A.2d at 593–94 & n. 5 (vacating arbitration judgment where arbitrator did not, as required by arbi-

tration rules, inform appellant of award). Here, however, there can be no assertion that the judgment entered pursuant to Rule X(b) violated the arbitration rules or in any other manner affected Ostheimer's due process rights.

■ Moreover, we cannot agree that the trial court possessed an "inherent authority" to vacate the judgment, as suggested by Ostheimer at oral argument. "Such an ill-defined and generalized authority would be contrary to the deep-seated interest in promoting the finality of judgments, except in certain well-defined circumstances" that we do not find present here. *Clement, supra*, 629 A.2d at 1220. In the arbitration context, the interest in finality is especially strong. *See, e.g., Howard & Hoffman, Inc. v. Hartford Accident & Indem. Co.*, 634 A.2d 1214, 1215 (D.C.1993); *see also* Super. Ct. Civ. Arb. R. introduction ("The Arbitration Program is an integral component of the Court's Civil Delay Reduction Project."). In fact, arbitration is a highly favored method of alternate dispute resolution because it streamlines the litigation process, imposing strict limitations on the parties' capacity to challenge a decision either by post-verdict motion or appeal. *See* Super. Ct. Civ. Arb. R. XII (allowing party to object to arbitration proceeding or award solely on the basis of (1) corruption, fraud, or other undue means in procurement of award; (2) evident partiality, corruption, or prejudicial misconduct by arbitrator; or (3) action in excess of arbitrator's powers); *see also* D.C.Code § 16–4311 (1997). With respect to non-binding arbitration, the rules provide for a fifteen-day period within which to demand a trial *de novo*. Once that period has expired, the rules require that the arbitration award be reduced to a formal judgment having "the same force and effect as a final judgment of the Court in a civil action." Super. Ct. Civ. Arb. R. X(b). Indeed, arbitration judgments claim an even higher degree of finality than ordinary civil judgments because they neither may be appealed nor be the subject of motions for relief under Civil Rules 59 and 60(b).

---

2. No argument is made. to us for relief based upon any trial court authority to extend time

deadlines, e.g., under Superior Court Civil Rule 6(b).

■ While we have recognized that a certain broad power inhered in common law courts to amend judgments during the course of a judicial term, *see Francis v. United States*, 715 A.2d 894, 901–04 (D.C.1998), that general power has been canalized in the great majority of cases where a particular procedural rule details the manner and circumstances in which the court may act. *See, e.g., United States v. Nunzio*, 430 A.2d 1372, 1373 (D.C.1981) (motions to reduce sentence governed by Superior Court Criminal Rule 35); *see also Francis, supra*, 715 A.2d at 901 n. 20 (noting that Rule 35 circumscribes whatever inherent power trial court might have had at common law to reduce sentence). In short, where a rule or other authority defines the boundaries of a particular procedural remedy, it occupies the field to the exclusion of any generalized inherent power on the part of the court to act. An inherent power remains only where the rules are silent.[3] Therefore, in *Francis*, where no procedural rule addressed the circumstances and method by which the trial court could increase a valid pronounced sentence, the court could invoke its inherent power, but then only to conform the sentence to its clearly expressed intent.

■ In contrast to *Francis*, here the arbitration rules specifically address the manner in which a party may contest a non-binding arbitration award, providing an exclusive instrument to do so: a timely demand for trial *de novo*. Where no such demand is filed, the clerk must enter judgment. There is no exception in the rules for actual notice to the opposing party, as was apparently given here. More specifically, the rule ordinarily available for relief in circumstances such as presented here is expressly made nonapplicable. Thus, any inherent power the court might have possessed at common law to grant relief in the circumstances here has been superseded.

Ostheimer's demand did not reach any component of the Superior Court in a timely fashion; thus, the clerk properly entered judgment.[4] Once reduced to judgment, the arbitration award could not have been disturbed unless permitted by some legal authority:

> A fundamental principle of litigation that has been stressed in a variety of contexts is the importance of finality. This principle, of course, may give way where countervailing considerations prevail, but authority must exist in law to override the principle and the legal considerations that have been developed to channel the exercise of such authority must be brought to bear in such situations.

*Clement, supra*, 629 A.2d at 1218 (citations omitted).

There being no legal mechanism available on the existing record for the court to set aside the arbitration judgment, the court's order to that effect must be

*Reversed.*

---

3. The extent of any such inherent power at common law is, at best, clouded by the absence in our trial court system of any clearly defined "term." The channelling of this inherent power into specific rules actually may result in an expansion of court power to affect judgments by extending such authority far beyond a common-law "term," *see Francis, supra*, 715 A.2d at 900 n. 14, such as in Civil Rule 60(b) itself.

4. In this regard, Ostheimer has been given every opportunity to explain the efforts he made to file the trial demand with the Superior Court. Because we found his initial representations on this matter unilluminating, we remanded the record specifically to ascertain the "complete facts and circumstances relating to appellee's compliance or attempts to comply with the filing requirement." On remand, Ostheimer waived a hearing, and otherwise failed to offer any additional explanation concerning his efforts to file the demand. Thus, even were there extraordinary circumstances that might authorize some exception to the finality principle contained in the arbitration rules, Ostheimer has not satisfied his burden in bringing such circumstances to light.