DISTRICT OF COLUMBIA, Appellant,

v.

David GRAMKOW, Appellee.

Nos. 95CV–1635, 97–CV–1007.

District of Columbia Court of Appeals.

Argued Dec. 3, 1998.
Decided Dec. 24, 1998.

Mary Connelly, Assistant Corporation Counsel, with whom Jo Anne Robinson, Principal Deputy Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and Martin B. White, Assistant Corporation Counsel, were on the brief, for appellant.

Paul Hammack, Jr., for appellee.

Before SCHWELB, FARRELL, and REID, Associate Judges.

FARRELL, Associate Judge.

This appeal requires us to decide whether a party to a non-binding arbitration [1] who then files a timely demand for trial *de novo* with the Civil Division, not the Multi–Door Division as specified in Super.Ct.Civ.Arb.R. XI(b), forfeits the right to a trial, resulting in entry of the arbitration award as a judgment of the court. In *Liss v. Feld,* 691 A.2d 145 (D.C.1997), we were able to avoid the issue because the timely filing with the Civil Division was sufficient for another reason: since after-hours filings were not then possible in the Multi–Door Division, Super.Ct.Civ.R. 77(a) [2] compelled us to treat the filing of the trial demand with the Civil Division—"the only place that was available to [Liss] for after-hours filings in his civil case"—as compliance with the civil arbitration rule. *Id.* at 148. Recently, in *Siddiq v. Ostheimer,* 718 A.2d 145 (D.C.1998), we appeared to assume that a timely filing "with the Superior Court," *id.* at 148 n. 4, or at least a component of it such as the Civil Division, would satisfy the filing requirements. *See, e.g., id.*

---

1. *See* Super.Ct.Civ.Arb.R. I *et seq.*

2. "The Superior Court shall be deemed always open for the purpose of filing any pleading or other proper paper...."

at 148 ("Ostheimer's demand did not reach any component of the Superior Court in a timely fashion"). But we certainly did not resolve the issue there any more than we had in *Liss*. This case requires us to do so.

We hold that a timely filing of a demand for trial *de novo* with the Civil Division, under whose aegis or "umbrella" the Multi–Door Division operates, *Liss*, 691 A.2d at 147, is sufficient to preserve the jurisdiction of the Superior Court for trial purposes.[3] That conforms with the "policy" of the Multi–Door Division, noted in *Liss*, of "accept[ing] documents filed with other sections of the court as timely filed so long as the documents were timely date stamped and eventually reached the Multi–Door Division." *Id.* at 146. More importantly, it comports with the basic principle that, for jurisdictional purposes, the Superior Court is a single court with general jurisdiction over any civil action. For these reasons, as set forth below, the demand for a trial *de novo* made by the District of Columbia in this case was timely filed.

## I.

Following an accident in which his car was rear-ended by a truck driven by a District of Columbia employee, appellee Gramkow sued for damages in Superior Court. In accordance with Super.Ct.Civ.Arb.R. I, the case was assigned to non-binding arbitration. On September 11, 1995, the arbitrator awarded Gramkow approximately $140,000 in damages. The next day, the Assistant Corporation Counsel handling the case prepared a written demand for a trial *de novo*, *see* Super.Ct.Civ.Arb.R. XI(b), for delivery to the court by courier. Rule XI(b) states that such a demand may be filed "with the Multi–Door Division within 15 days after the filing of the Arbitration Award." The transmittal sheet, however, instructed the courier to make delivery to the "Superior Court–Clerk," and the courier delivered the demand to the Clerk's Office of the Civil Division. Presumably re-

lying on Rule XI(b), a court employee marked "Room 4416," the location of the Multi–Door Division, in the upper corner of the transmittal sheet but did not forward it to that office; instead it was returned, unfiled, to the Office of the Corporation Counsel. In turn mistaking the returned documents for proof that the demand had been filed, the Assistant Corporation Counsel did not discover her error before the 15–day period for filing such a demand had expired. Pursuant to Super.Ct.Civ.Arb.R. X(b), the arbitration award was entered as the judgment of the court, no *de novo* trial demand having been accepted for filing.

The Office of the Corporation Counsel only then learned of the misdelivery, whereupon it filed successive motions to set aside the judgment. The first was essentially a plea of excusable neglect, which was denied, but the second asserted that because "the Arbitration Rules exist as an adjunct to the Rules of Civil Procedure and the arbitration procedure exists as an adjunct to civil litigation, … the filing of a demand for trial *de novo* with the Civil Clerk must be deemed a proper filing." The court denied this motion without prejudice to renewal upon submission of better documentation regarding the circumstances of the government's filing. The District then followed with a third motion with attached affidavits. The court denied this motion as well, treating it as a motion either to alter or amend the judgment (Super.Ct.Civ.R.59(e)) or for relief from the judgment (Rule 60(b)), pointing out that Super.Ct.Civ.Arb.R. X(b) expressly bars relief under either rule from an arbitration award entered as a court judgment.

## II.

■ We first consider whether, as the Superior Court determined, Rule X(b) barred the District from challenging the entry of the arbitration award as the judgment of the court.[4] In *Siddiq, supra,* we rejected the

---

3. We say "preserve" because referral to arbitration presupposes a suit filed within the jurisdiction of the Superior Court under D.C .Code § 11–921 (1995).

4. Super.Ct.Civ.Arb.R. X(b) states in full:

If the time for filing a demand for trial *de novo* expires without such action, the Clerk of the Civil Division shall enter the Award as a judgment of the Court as to each party. This judgment shall have the same force and effect as a final judgment of the Court in a civil

notion that the Superior Court has general "inherent authority" to vacate such a judgment despite Rule X(b)'s explicit bar to the availability of relief under Rules 59 and 60(b). 718 A.2d at 147–48. At the same time, we recognized that an avenue to relief must remain open when, as in *Liss, supra,* and *Allstate Ins. Co. v. Robinson,* 645 A.2d 591 (D.C.1994), a party claimed that entry of the judgment itself violated a court rule, and so "present[ed] due process concerns." *Siddiq,* 718 A.2d at 147. *See Liss,* 691 A.2d at 148 n. 6 ("The judgment is void because . . . a judgment entered in violation of the applicable rule deprives a litigant of due process."); *Allstate,* 645 A.2d at 594 n. 5 ("[A] party aggrieved by . . . a judgment [entered in violation of the arbitration rule requiring the arbitrator to transmit the award to the parties] must be entitled to have it set aside even though Rule 60(b) . . . may not be expressly invoked," citing, *inter alia, Service v. Dulles,* 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957)). In both *Liss* and *Allstate,* the award was entered as a judgment ultimately because "the court system was at fault," *Siddiq,* 718 A.2d at 147, and so the preclusion of Rule 59 and 60(b) relief could not be used to deny the aggrieved party a remedy.

Here, the District argued in its post-judgment motion—and maintains on appeal—that its written demand for trial *de novo* must be deemed to have been properly filed because it was timely lodged with the Civil Clerk's Office and the clerk had no authority to reject it. In essence the District contends that the designation of the Multi–Door Division in Rule XI(b) as the place to file the trial demand, while administratively important, cannot be seen as a jurisdictional prerequisite to the right to a trial *de novo.* If the District is right in that contention, then the trial court was wrong in invoking the bar to Rule 59 or 60(b) relief to reject the District's challenge. A refusal by the clerk to file the trial demand not authorized by Civ.Arb.R. XI(b) or any other rule would be an essentially arbitrary action of the court and "present[ ] due process concerns." *Siddiq,* 718

A.2d at 147. We therefore proceed to the merits of the District's argument.

### III.

Super.Ct.Civ.Arb.R. XI(b), as explained, allows a party to a non-binding arbitration to file a demand for trial *de novo* "with the Multi–Door Division within 15 days after the filing of the Arbitration Award." "A demand for a trial *de novo* by any party returns the case to the trial calendar as to all parties." Rule XI(c). On the other hand, "[i]f the time for filing a demand for trial *de novo* expires without such action, the Clerk of the Civil Division shall enter the Award as a judgment of the Court as to each party," and that judgment "may not be appealed nor be the subject of a motion under Superior Court Rules of Civil Procedure 59 or 60(b)." Rule X(b).

Our decisions thus far leave no doubt that the requirement of filing a demand within 15 days is jurisdictional. In *Siddiq, supra,* we held that since the defendant "Ostheimer's demand did not reach any component of the Superior Court in a timely fashion, . . . the clerk properly entered judgment," which was final, "[t]here being no legal mechanism available on the existing record for the court to set aside the arbitration judgment." 718 A.2d at 148. *Liss* and *Allstate,* too, which each overrode the bar to post-judgment relief because court actions threatened a violation of due process, make no sense unless the failure to file timely would otherwise have divested the court of authority to permit a trial *de novo. Cf.* D.C.App.R. 4(a)(1); *In re C.I.T.,* 369 A.2d 171, 172 (D.C.1977) (time limit contained in R. 4(a)(1) mandatory and jurisdictional).

■ The issue in this case is whether the place-of-filing requirement of Rule XI(b) is likewise jurisdictional. We hold that it is not, at least—and we need hold no more — when the demand for trial *de novo* has been timely filed with the Civil Division rather than the Multi–Door Division. Our reasons are as follows.

---

action, but may not be appealed nor be the subject of a motion under Superior Court

Rules of Civil Procedure 59 or 60(b).

The court's opinion in *Liss* carefully described the role of the Multi–Door Division as an offshoot of the Civil Division in regard to arbitration:

The Civil Arbitration Program provides court-sponsored arbitration for parties with lawsuits pending in the Civil Division, and is an integral part of the Superior Court's Civil Delay Reduction project. *See* Super.Ct.Civ.Arb.R. Introduction. Certain actions filed in the Civil Division may be assigned to the Multi–Door Division by the calendar judge assigned to the case. *See* SuperCt.Civ.Arb.R. I(b). While the arbitration rules authorize arbitrators to exercise many powers normally exercised by a trial judge, the rules require certain recommended rulings be submitted to the assigned calendar judge in the Civil Division, *see* Super.Ct.Civ.Arb.R. VI, IX(d)(3), and the final disposition of a case is processed through the Clerk of the Civil Division and/or the calendar judge. *See* Super.Ct.Civ.Arb.R. X(b); XI(d); XII(e), (f); XIII(c), (d), (e). In addition, arbitrators are assigned pursuant to procedures designated by the Presiding Judge of the Civil Division, and the individual calendar judge assigned to the case may remove the arbitrator upon motion of a party. Super.Ct.Civ.Arb.R. IV(b), (d). Thus, although some civil cases may be assigned to the Multi–Door Division arbitration program, the cases remain under the umbrella of the Civil Division.

691 A.2d at 146. Because the Multi–Door Division "operates under the umbrella of the Civil Division," *id.* at 147, determining what legal effect attaches to a filing in the latter must be guided by our decisions which point to the administrative, but not jurisdictional, significance of the division of the Superior Court into separate components. In *Andrade v. Jackson*, 401 A.2d 990 (D.C.1979), we reviewed the history of the Court Reform Act [5] and explained that, "[a]lthough Superior Court is separated into a number of divisions, these functional divisions do not delimit their power as tribunals of the Superior Court with general jurisdiction to adjudicate civil claims and disputes." *Id.* at 992–93. Because "each division possesses the undivided authority of the Court," *id.* at 993, we there reversed the dismissal of a suit filed in the Family Division whose subject matter fell largely within the scope of the Probate Division, but where "transfer ... to the appropriate division" rather than dismissal was commensurate with the limited "jurisdictional nature of an internal court division." *Id.* at 994.

In later cases we have reiterated that "there is no jurisdictional limitation prohibiting one [Superior Court] division or branch from considering matters more appropriately considered in another," so that "dismissal of an action is proper only where none of the divisions possess a statutory basis for the assertion of jurisdiction." *Ali Baba Co. v. WILCO, Inc.,* 482 A.2d 418, 426 (D.C.1984); *see also Carter v. Carter,* 516 A.2d 917, 923 (D.C.1986) (Whether case should be transferred from one division to another having closer nexus to subject matter "turns on discretionary internal operating procedures of Superior Court administration.").

If dismissal is improper unless no division "possess[es] a statutory basis for the assertion of jurisdiction," *Ali Baba, supra,* at 426, it is difficult to see why rejection of a trial *de novo* demand, which would be jurisdictional in effect (*i.e.,* terminating the court's authority to allow further litigation), is a proper remedy when the demand has been timely filed with either of two divisions jointly administering the arbitration process. Reading Rule XI(b) to disqualify that filing assumes a strict separation of functions between those divisions and a corresponding no-transfer limitation inconsistent with the court's unitary jurisdiction as we have understood it as well as the usual remedy for misdirected filings. And the rigor of the rule so interpreted is even stricter in that no remedy is available for post-judgment pleas such as mistake, inadvertence, or excusable neglect. We think this reads too much into the rule's simple designation of the place of filing. Moreover, as our discussion in *Liss* indicates,

---

**5.** District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91–358, 84 Stat. 473.

it is not in keeping with the policy actually followed by the Superior Court.

In *Liss*, we pointed out that at the time of that litigation,

> [i]t was the Multi–Door Division's policy to accept documents filed with other sections of the court as timely filed so long as the documents were timely date stamped and eventually reached the Multi–Door Division. Such documents normally were forwarded to the Multi–Door Division within a few days.

691 A.2d at 146 (footnote omitted). The District attached to its renewed motion for post-judgment relief in this case the affidavit of an employee in the Civil Clerk's Office who confirmed that the practice remains largely the same—*i.e.,* "[m]isdirected papers/pleadings received through the mail are forwarded to the correct division/office via Court mail personnel"—but that the Office of the Corporation Counsel is treated differently. Because "large piles of pleadings [are received] from [that] Office ... each day, most of which are accompanied with copies to be received[-]stamped for return to that Office by courier," the practice is to place such documents in a specially designated box and, as to any "*improperly* left in the Civil Clerk's Office that cannot be accepted for various reasons" (italics in original), to return them to the box with "a notation of the correct room" for pickup and return to the Corporation Counsel.

■ Both the ordinary practice and the exception for the Corporation Counsel are, in general, entirely within the Superior Court's authority to establish "orderly judicial procedure," *Andrade,* 401 A.2d at 993, and not for this court to question. But with respect to the narrow subclass of written demands for trial *de novo* following arbitration, where the effect of untimely filing is jurisdictional, Rules X(b) and XI(b) cannot fairly be read to impose that consequence upon misdirected filing by the Office of the Corporation Counsel and no other litigant, at least when filing has been made in the Civil Division. Otherwise, added to the inconsistency with our decisions explaining the nature of the court's jurisdiction would be a strong ingredient of unequal treatment.

The District's behavior in this case reflects a good deal of insouciance toward the purposes of arbitration[6] and appellee Gramkow's right to seasonable resolution of a claim he has already had vindicated once. *See Siddiq,* 718 A.2d at 147 (noting that party seeking *de novo* trial has "in fact had a trial on the merits before an arbitrator"). We refer not so much to the misdirected filing as to the Assistant Corporation Counsel's conceded failure to inspect the papers returned to her by the court still within the 15–day period, the unexplained delay of over six months between the filing of the District's first two post-judgment motions, and the barely explained lapse of over nine months before it filed the third motion responding to the court's request for better documentation. We are confident that the lesson of these drawn-out proceedings, at no small litigation cost to the government itself, has not been lost upon it.

For the reasons stated above, we hold that the District's demand for a trial *de novo* was timely filed. The judgment of the Superior Court is, accordingly, reversed and the case is remanded for a trial *de novo*.

*So ordered.*

---

6. As we stated in *Hercules & Co. v. Shama Restaurant Corp.,* 613 A.2d 916, 923 (D.C.1992), in the context of contractual arbitration, arbitration aims to provide "parties with a speedy, private, and relatively inexpensive method of resolving their disputes and consequently help[ ] to decongest the court system." The Superior Court's arbitration program "is an integral component of the Court's Civil Delay Reduction project." Super.Ct.Civ.Arb.R. Introduction.